# Collins v. Commonwealth.

March 1, 1949.

E. B. Rose for appellant.

A. E. Funk, Attorney General and Zeb A. Stewart, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE KNIGHT—Reversing.

Appellant, Elihu Collins, was jointly indicted along with Earl Stamper and Elisha Terry by the Lee County Grand Jury for the murder of Robert H. Cole. The indictment also charged Elihu Collins and Elisha Terry with aiding and abetting Earl Stamper in said murder. On their separate trials, appellant was found guilty of voluntary manslaughter and his punishment fixed at five years in the State Reformatory. From a judgment based on that verdict he prosecutes this appeal.

### Facts In The Case.

According to the Commonwealth's evidence, on the afternoon of January 29, 1948, appellant and his colleague, Earl Stamper, were loafing around Beattyville and drinking liquor. After dark that night they left for home, their destination being the home of appellant which was near the home of the deceased Bob Cole on Blaines Branch. About 9 o'clock they stopped at Bob Cole's house to get warm, it being a cold night. Neither of them was armed when they came to the house, but the

conversation drifted to firearms and appellant said he understood that Bob Cole had a pistol for sale. Cole said he owned two pistols, neither of which he desired to sell, but would sell one of them for $30. Earl Stamper expressed a desire to purchase it and asked to see the gun. It was brought out from the dresser drawer and after examining it, Earl said, "I have bought your gun." He took the pistol into his hands and pointed it at Jack Cole, son of Bob Cole, saying, "All right, Jack, I've got you." The pistol was discharged and Jack Cole received a superficial wound under the arm. Earl then turned the gun on Bob Cole who had been ill of pneumonia but was sitting up at the time at the foot of the bed. Two shots were fired at Bob Cole by Earl Stamper, one of which took effect and from which he died four days later. Jack Cole sprang at and clinched with Earl Stamper. Collins, who had been sitting next to the kitchen door, came to the rescue of Earl. Mrs. Alice Cole, wife of Bob Cole and mother of Jack, came to the rescue of her son after grabbing a hatchet as a weapon. A general free for all fight ensued with Jack Cole, his mother Alice, Earl Stamper and appellant Collins all participating. No further shots were fired but cuts were inflicted on most of the participants by the hatchet and an axe which had been picked up by one of the participants and brought into the fray. Earl Stamper sustained the worst of these cuts. The kitchen in which most of the fighting took place was completely wrecked, tables were overturned and dishes broken. Collins escaped after kicking over the lantern and blowing out the lights.

The only witness introduced by the defense was appellant, and his version of the affair as given by his testimony was that he and Earl Stamper went to the home of Bob Cole on the night in question for the purpose of getting some more whiskey; that Mrs. Cole filled his partly empty bottle from a glass jar for which Earl Stamper paid her $2; that Earl and Jack Cole put down a blanket and engaged in a game of craps from which a dispute arose and a fight started between Jack and Earl during which the shot was fired which killed Bob Cole; that this appellant, who had been sitting near the kitchen door, went into the kitchen when the fight started and tried to escape through the back kitchen door but, finding it locked, he returned to

the living room and escaped through the front door and went to his own home nearby. According to appellant's testimony, he did not participate in the free for all fight which followed the shooting of Bob Cole by Earl Stamper, but we think the evidence shows that he did get into this fight, and the fact that he received several cuts from the axe or hatchet being used in the fight indicates that he was engaged in this battle. However, none of the evidence, either for the Commonwealth or for the defense, connects him in any way with the shooting of Robert Cole which took place before the general fight started. According to all the evidence, appellant was sitting at the door leading from the living room into the kitchen and did not get into the fight until after the shooting took place. Whether that shooting arose out of a dispute between Jack Cole and Earl Stamper as the result of a crap game, as defense claims, or whether it was the result of an inexcusable and careless handling of the pistol by Earl Stamper in carrying out some drunken notion, there is nothing in the testimony to connect appellant with the death of Bob Cole. Earl Stamper has been convicted of that killing on a separate trial, but the testimony of the Commonwealth wholly fails to connect appellant with that death in any way or that he aided or abetted in the commission of the crime. Appellant came to the Cole home with Stamper, both of whom were unarmed, and was present when Stamper fired the fatal shot; but mere presence when a crime is committed is not evidence that one committed it or aided in its commission. Allen v. Commonwealth, 303 Ky. 783, 199 S.W. 2d 453, 455, and cases therein cited.

It follows that appellant's motion for a peremptory instruction should have been sustained. The judgment is therefore reversed for a new trial. Should the testimony be substantially the same as in this one, the court should direct a verdict for the defendant.

Instruction No. 2 given on the first trial was erroneous in that the jury was required to believe beyond a reasonable doubt the facts constituting appellant's right to defend himself or Earl Stamper. These facts are required only to be believed, not believed beyond a reasonable doubt. Lee v. Commonwealth, 210 Ky. 410, 276 S.W. 127. If it becomes necessary to give a self-defense

instruction on the new trial, the words "beyond a reasonable doubt" will be omitted.

Judgment reversed.