**Gilbert FUTRELL, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 17, 1969.

Rehearing Denied March 14, 1969.

David R. Reed, Jr., William E. Scent, Reed, Scent & Reed, Paducah, Dee L. McNeill, Hickman, for appellant.

John B. Breckinridge, Atty. Gen., James H. Barr, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Gilbert Futrell appeals from a judgment sentencing him to a term of ten years' imprisonment pursuant to a verdict finding him guilty of indulging in indecent or immoral practices with the body of a nine-year-old girl, KRS 435.105(1). His claims of error relate to the admission of evidence, the refusal to grant a continuance, and the instructions.

The girl victim identified Futrell in a line-up in the county jail, in the presence of the girl's mother and of the sheriff, a deputy sheriff, and a deputy jailer. On the trial the girl was permitted, *without objection*, to testify that she had identified Futrell in the line-up. Her mother and the three officers present at the line-up were permitted also to testify as to the fact of the identification by the girl, over an objection which was based solely on the ground that such testimony was *hearsay*. (Futrell now concedes that under Preston v. Commonwealth, Ky., 406 S.W.2d 398, the hearsay objection was not sustainable.) The three officers also were permitted, *without objection*, to testify that after the identification was made Futrell said, "The little girl is not lying; I'm guilty." No point was made in the motion and grounds for a new trial as to the admission of any of the foregoing testimony.

Futrell argues on this appeal that at the time of the line-up identification Futrell did not have counsel and had not been advised of his right to counsel, wherefore: (1) The conducting of the line-up violated his constitutional right to counsel; (2) evidence as to the line-up identification was inadmissible; and (3) evidence as to his admission of guilt following the identification was inadmissible, as being a confession obtained in violation of the right to counsel. On the line-up point Futrell relies on United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178; and Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. On the confession point he relies on Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977.

The difficulty with Futrell's argument lies in the fact that his counsel (employed by him) made no valid objection to the admission of any of the evidence. (Under Preston v. Commonwealth, Ky., 406 S.W. 2d 398, the testimony of the mother and the three officers as to the identification by the girl was admissible following admission of the girl's own testimony as to the identification, so the failure to object to her testimony removed any basis for objection to the testimony of the mother and the officers.)

▉ Violations of constitutional rights, the same as of other rights, may be waived by failure to make timely and appropriate objection. Shockley v. Commonwealth, Ky., 415 S.W.2d 866; Lundberg v. Buchkoe, 6 Cir., 389 F.2d 154. Of course in an aggravated case involving violations of such proportions as in effect to deprive the defendant of due process the appellate court may grant relief notwithstanding failure to make proper objection. However, this is not such a case. There was no real question as to the correctness of the identity of Futrell. Before his arrest the little girl had described in detail his appearance to the sheriff and had listed in exact detail the contents of the pickup truck in which she had been detained, which list agreed exactly with what was found in Futrell's truck when he was arrested. Futrell did not deny on the trial that he was the person who had committed the offense; his defense was that he suffered from blackouts and he had no memory of where he was or what he was doing at the time the offense was committed.

It is our conclusion that the alleged errors in the admission of evidence are not reviewable because of the failure to make objections on the trial.

■ As concerns the denial of a continuance we find no abuse of discretion. Futrell was arrested in June 1967 and the trial was not held until January 25, 1968. It is true that during that period Futrell was confined in a mental hospital, for observation, for a period of three weeks, but there remained ample time for preparation for trial. The motion for a continuance alleged that Futrell was in poor health and poor mental condition and therefore was not able to confer with his attorney or obtain necessary witnesses. However, it appears that the defense on the trial was to be rested on the blackouts and this involved primarily the securing of expert witnesses by Futrell's attorney rather than any activity to be done by Futrell himself. And it appears that extended consultation between Futrell and his counsel was not essential to the defense. The defense seemed to call more for obtaining observations of Futrell by other persons rather than for any direct contribution by Futrell. The only medical support for the motion was the statement of a doctor that Futrell was an "anxious" person and that it would be "better for him emotionally" not to stand trial at the scheduled time. This statement did not show any real urgency for a continuance.

■ Futrell's final contention is that the court should have instructed, in accordance with his defense of having suffered a blackout covering the time when the offense was committed, that he should be found not guilty if the jury believed he was "unconscious" when he committed the offense. Obviously, the word "unconscious," as so used, would mean having a lack of conscious volition rather than being in an inert coma. In this sense the proposed instruction would have reference to the defendant's capacity to know what he was doing and to appreciate the nature of his acts. This sense was embodied in an *insanity* instruction which the court did give, and we think that instruction was adequate for the purpose.

The judgment is affirmed.

All concur.