Clayton **TOWNSEND**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 17, 1971.

Thomas D. Shumate, Shumate, Shumate & Flaherty, John Lackey, Richmond, for appellant.

John B. Breckinridge, Atty. Gen., Douglas E. Johnson, Sp. Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Commissioner.

The appellant was convicted of the offense of voluntary manslaughter and sentenced to confinement for a term of twenty-one years. The sole question presented on this appeal is whether the evidence conclusively established that the shooting was done in self-defense. The appellant contends that he was entitled to a directed verdict and that the evidence did not support the verdict but both contentions are grounded in the claim that the evidence conclusively established that the shooting was done in self-defense.

A brief review of the evidence is necessary. On the day of the shooting the appellant and some of his friends were rabbit hunting near the farm of the deceased. Their automobiles were parked on the side of a public road near decedent's home. After the day's hunting was over and while the hunters were standing in the road attempting to get their dogs in their respective cars, they were fired upon with a shotgun from the direction of decedent's home. Some of the buckshot struck appellant but did not injure him.

Appellant placed his shotgun inside his motor vehicle without unloading it and started home. The roadway passed directly in front of decedent's house and as appellant approached the house, the decedent was in his front yard talking to another man whose car was parked on the roadside.

Appellant brought his car to a halt and inquired why decedent had fired upon him. Decedent denied firing the shotgun whereupon appellant called him a "God-Damned-Liar." Decedent then whirled around and started toward appellant, bending forward in a crouching manner. At some point in time the appellant got outside his car and left the door open. As the decedent advanced upon him, appellant repeatedly told him not to come any closer. He backed up to his car, reached inside and obtained his shotgun and told decedent if he came any closer he would have to shoot him. Decedent continued to advance toward appellant with his hand inside his shirt front and appellant testified that he thought he saw an object resembling a pistol in decedent's hand. Appellant shot decedent and then struck him in the head with the butt of the shotgun. No weapon was discovered on the body of the decedent.

We have held when the evidence is all one way and shows a clear case of self-defense, a defendant is entitled to a directed verdict of acquittal. Martin v. Commonwealth, Ky., 406 S.W.2d 843 (1966) and Taul v. Commonwealth, Ky., 249 S.W.2d 45 (1952). We do not believe this is such a case. In *Taul* we said:

> "The mere fact that a man says he killed another in self-defense, or describes events which show that to be the case, does not have to be accepted at face value where the jury may reasonably infer from his incredibility or the inherent improbability of his own testimony, or all the revealed circumstances, that one or more of the several factors that qualify or enter into the legal right of self-defense were missing. Among these are reasonableness of the defendant's belief of imminent danger of great bodily injury or loss of life, the necessity or reasonable judgment of necessity to shoot to avert that danger, real or apparent, and the absence of aggression by the defendant. * * *."

It is only where evidence for a defendant conclusively establishes justification that he is entitled to a directed verdict. Partin v. Commonwealth, Ky., 445 S.W.2d 433 (1969); Hatton v. Commonwealth, Ky., 412 S.W.2d 227 (1967) and Monroe v. Commonwealth, Ky., 343 S.W.2d 143 (1961). If the testimony relied on to establish self-defense is contradicted or if there is evidence of any fact or circumstance from which a jury could reasonably conclude that some element of self-defense

was lacking, a directed verdict should not be given.

Although all the witnesses were in agreement that the decedent was advancing upon the appellant at the time of the shooting, there was evidence from which a reasonable inference could have been drawn that appellant intended to and did provoke the difficulty with the deceased.

Whether the appellant harbored ill feelings toward the deceased by reason of the previous shooting incident; whether appellant placed his shotgun in his car without unloading it was simply because he forgot to unload it or because he intended to use it further, and whether appellant at the scene of the shooting could have gotten into his automobile and driven away as easily as he could have returned to the automobile to get his shotgun and shoot deceased are matters which the jury might properly consider as bearing upon motive, intent and appellant's belief in the necessity of shooting decedent to avoid danger to himself. The fact that appellant stopped in front of decedent's home and got out of his car when he could have driven on by; and the fact that he called the decedent a "God-Damned-Liar" were circumstances from which the jury could have believed that appellant attempted to provoke the incident.

One who by his words and acts provokes and brings about a fight cannot claim self-defense. The law does not allow a man to create a bad or dangerous situation and then fight his way out. Hawley v. Commonwealth, 191 Ky. 380, 230 S.W. 296 (1921); Roberson's New Criminal Law & Procedure, Second Edition, Section 320.

The evidence in this case did not conclusively establish that the shooting was done in self-defense and that issue was therefore properly submitted to the jury.

The judgment is affirmed.

All concur.