Charles Howard WEST, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

No. 87–SC–834–MR.

Supreme Court of Kentucky.

Sept. 28, 1989.

As Amended Oct. 6, 1989.

Rehearing Denied Dec. 21, 1989.

Travis Combs, Jr., Grant M. Helman, and Laura P. Moore, LaGrange, for appellant.

Frederic J. Cowan, Atty. Gen. and Joseph R. Johnson, Asst. Atty. Gen., Frankfort, Gregory C. Fuchs, for appellee.

LAMBERT, Justice.

Upon a jury verdict, appellant was convicted of murder and sentenced to a maximum term of twenty-two years imprisonment. The primary issue before this Court is whether we must reverse appellant's conviction for "palpable error which affects the substantial rights of a party...." RCr 10.26. Appellant also claims entitlement to a directed verdict.

Upon examination of the record, it is clear that during summation the Commonwealth Attorney engaged in improper argu-

ment. It is equally clear, however, that appellant's objections to such misconduct were sustained, and upon request, the jury was admonished to disregard the prosecutor's remarks. Inasmuch as appellant did not seek relief in the form of a mistrial, we must conclude that submission of the case to the jury as impaneled was a part of his trial strategy.

The victim was the son of Alice Schira, a woman with whom appellant lived. The evidence presented created a classic jury question as to whether appellant was guilty of murder or whether he shot the victim in self-defense. In support of his self-defense claim, appellant presented evidence that the victim suffered from emotional disturbances and had a violent temper. He testified that the victim flourished a gun upon him and, indeed, a handgun with six live rounds was found near the victim's body. On the other hand, the victim was shot twice, once in the back and once in the upper portion of the left side of his neck. It is unnecessary to detail the additional evidence presented to resolve appellant's claim for directed verdict.

 Rarely is a defendant relying upon self-defense entitled to a directed verdict. Only in the unusual case in which the evidence conclusively establishes justification and all of the elements of self-defense are present is it proper to direct a verdict of not guilty. In *Taul v. Commonwealth*, Ky., 249 S.W.2d 45 (1952), this Court held that a defendant's statement that he acted in self-defense or his description of events which show such to be the case need not be accepted at face value where the jury may infer from his incredibility or the improbability of the circumstances that one or more of the elements necessary to qualify for self-defense is missing. In *Townsend v. Commonwealth*, Ky., 474 S.W.2d 352 (1971), we held that if the evidence relied upon to establish self-defense is contradicted or if there is other evidence from which the jury could reasonably conclude that some element of self-defense is absent, a directed verdict should not be given. While the Commonwealth always bears the burden of proving every element of the crime charged, a defendant relying upon self-defense bears the risk that the jury will not be persuaded of his version of the facts. *Collins v. Commonwealth*, 309 Ky. 572, 218 S.W.2d 393 (1949). While much of the evidence presented in this case was circumstantial, we have no reluctance in holding that sufficient evidence was presented to justify submitting the issue of appellant's guilt to the jury. *Willis v. Commonwealth*, Ky., 502 S.W.2d 60 (1973) and *Pruitt v. Commonwealth*, Ky., 490 S.W.2d 486 (1973).

The troubling issue in this case arises out of the summation delivered by Commonwealth Attorney, Bruce R. Hamilton. Among other things, Mr. Hamilton said:

> "In 1986 Alice brought West (the appellant) home from the backside of Churchill Downs like a race horse stud to service her farm and to work for her."

Later, in the same vein, Mr. Hamilton continued:

> He is a back of the track stud to take care of her and to take care of the farm and to work and perform the duties.

Mr. Hamilton compared appellant to "dirty Harry;" implied that because the victim's mother had called a lawyer, she had something to hide; and commented that "[i]nnocent people don't need the lawyers. Justice will prevail." Mr. Hamilton appears to have attempted to mislead the jury by saying:

> Another thing about Alice, she hasn't been in this courtroom one day except when she testified to sit with the Commonwealth or to sit with her lover.

Mr. Hamilton was well aware that the victim's mother, Alice, was subject to a witness separation order and was prohibited from being in the courtroom. Finally, Mr. Hamilton concluded with the following:

> I've taken too long, and I know you're hungry. I'll quit. I'll submit the case to you on behalf of the people of Henry County, the people of the Commonwealth of Kentucky. I'm a country lawyer and I can't do as good as these good high price defense lawyers can do for these people.

While the foregoing quotations from Mr. Hamilton's summation do not exhaust his intemperate remarks, they fairly represent the approach he took to the case. He delivered a barrage of vilification, misleading innuendo, and outright deception. However, upon every objection by defense counsel, the trial court sustained the objection and upon request, admonished the jury. Appellant did not move for a mistrial.

RCr 9.22 imposes upon a party the duty to make "known to the court the action he desires the court to take or his objection to the action of the court...." Failure to comply with this rule renders an error unpreserved. *Bowers v. Commonwealth*, Ky., 555 S.W.2d 241 (1977). If a party claims entitlement to a mistrial, he must timely ask the court to grant him such relief. *Jenkins v. Commonwealth*, Ky., 477 S.W.2d 795 (1972). Further, we have held that failure to move for a mistrial following an objection and an admonition from the court indicates that satisfactory relief was granted. "It is well within the realm of valid assumption that counsel was satisfied with the court's admonition to the jury." *Hunter v. Commonwealth*, Ky., 479 S.W.2d 4, 6 (1972). From the foregoing it is clear that a party must timely inform the court of the error and request the relief to which he considers himself entitled. Otherwise, the issue may not be raised on appeal.

In a proper case, however, pursuant to RCr 10.26, an unpreserved error may be reviewed and appropriate relief granted providing the court determines that manifest injustice has resulted from the error. However, nothing contained in RCr 10.26 precludes the waiver of palpable error or even waiver of a constitutional right. In *Futrell v. Commonwealth*, Ky., 437 S.W.2d 487 (1969), appellant claimed denial of constitutional rights in the admission of evidence concerning line-up identification and his admission of guilt following such identification. Noting that counsel for appellant failed to object to any of the evidence and holding that the alleged errors were not reviewable, this Court said:

Violations of constitutional rights, the same as of other rights, may be waived by failure to make timely and appropriate objection. Of course in an aggravated case involving violations of such proportions as in effect to deprive the defendant of due process the appellate court may grant relief notwithstanding failure to make proper objection. (Citations omitted.)

*Id.* at 488. Likewise, in *Brown v. Commonwealth*, Ky., 551 S.W.2d 557 (1977), this Court held that

Substantive rights, even of constitutional magnitude, do not transcend procedural rules, because without such rules those rights would smother in chaos and could not survive. There is a simple and easy procedural avenue for the enforcement and protection of every right and principle of substantive law at an appropriate time and point during the course of any litigation, civil or criminal.

*Id.* at 559. Further, in *Salisbury v. Commonwealth*, Ky.App., 556 S.W.2d 922 (1977), the Court of Appeals held that the Commonwealth's comment on the defendant's post-arrest silence did not necessarily result in palpable error reviewable in the absence of a contemporaneous objection. The Court noted that at trial counsel is required to make numerous strategic and tactical decisions and that ordinarily, the defendant is bound by such decisions. The Court said:

When a defendant's attorney is aware of an issue and elects to raise no objection, the attorney's failure to object may constitute a waiver of an error having constitutional implications. In the absence of exceptional circumstances, a defendant is bound by the trial strategy adopted by his counsel even if made without prior consultation with the defendant. The defendant's counsel cannot deliberately forego making an objection to a curable trial defect when he is aware of the basis for an objection.

*Id.* at p. 927. Observing that the record failed to reveal the reason for counsel's failure to object, whether tactical, deliberate, or inadvertent, to the comment upon

the defendant's post-arrest silence, the Court held that palpable error had not been demonstrated. *Salisbury v. Commonwealth, supra.* In 7 W. Bertelsman and K. Philipps, *Kentucky Practice*, Rule 46 at 154–157 (4th ed. 1984), there appears an excellent discussion of the reasons underlying CR 46, a civil rule identical to RCr 9.22. Among other things, this commentary notes that requiring specific grounds for a request or objection may protect the trial court from committing error and will furnish a proper basis for appellate review. In addition,

> It prevents the entrapment of the trial court by a general objection when there is a specific and valid ground therefor which, though not considered, the objecting party subsequently may wish to urge on appeal. It should not be permissible to frame an objection that it will serve to save a question on appeal and yet conceal the real complaint from the trial court.

*Id.* at 156.

Recently, in *Cosby and Walls v. Commonwealth,* Ky., 776 S.W.2d 367 (Rendered June 8, 1989, as Modified September 28, 1989), this Court undertook to clarify its position with reference to the rules of preservation in capital cases. Recognizing the requirements of KRS 532.075(2), we noted that such do not require "total abandonment of the rules of preservation." Citing *Ice v. Commonwealth,* Ky., 667 S.W.2d 671 (1984), we said

> *"[P]rejudicial* error" must be reviewed regardless of contemporaneous objection, and we hasten to reaffirm that this means errors *where there is no reasonable justification or explanation for defense counsel's failure to object, tactical or otherwise,* and the totality of circumstances persuades this Court that the defendant may not have been found guilty of a capital offense or the death penalty may not have been imposed but for the unpreserved error. (Emphasis added.)

*Cosby and Walls,* op. at 369.

From the record before the Court it is clear that appellant recognized the remarks of the Commonwealth Attorney to be preju-

dicial. Objections were timely made and admonitions were requested and given by the trial court. The efficacy of a trial court's admonition to disregard evidence or argument has long been a matter of differing opinion. In this case, however, it is reasonable to conclude that appellant, based on his failure to request a mistrial, believed the admonitions were sufficient, or despite the improper argument, desired to have the jury as impaneled render a verdict in his case. Certainly the record does not suggest that appellant was unaware of the prejudicial effect of the prosecutor's remarks and strongly suggests that defense counsel's failure to move for a mistrial was a tactical decision.

■ Despite our aversion to the remarks made by Mr. Hamilton, in view of the evidence presented and appellant's apparent satisfaction with the relief granted by the trial court, we are unable to conclude that the error which occurred justifies our intervention pursuant to RCr 10.26.

Accordingly, the judgment of the trial court is affirmed.

GANT, LEIBSON and WINTERSHEIMER, JJ., concur.

VANCE, J., concurs in result only.

STEPHENS, C.J., dissents by separate opinion in which COMBS, J., joins.

STEPHENS, Chief Justice, dissenting.

I respectfully dissent.

The real issue in this case is whether, in the absence of the highly inflammatory and highly improper remarks of the Commonwealth Attorney, the evidence would have brought about a verdict of guilty. Stated another way, was the misconduct of the prosecutor prejudicial?

In view of the purely circumstantial nature of the Commonwealth's case, and the relative weakness of the evidence, I have concluded that the conduct of the prosecutor in this case was of such a nature as to merit a reversal of the conviction.

I believe that without the purposeful conduct of the prosecutor, (most of which is

described in the majority opinion), a different result would have been reached. It is true that the trial court sustained many objections and rendered appropriate admonitions to the jury. However, in my opinion the admonitions could not and did not eliminate or even minimize the impact of the inappropriate, inflammatory, prejudicial, unnecessary, intemperate, vilifying and deceptive statements of the prosecutor. Under these circumstances, I think it is *mandatory* that we apply RCr 10.26. I would reverse the conviction. Justice and the reputation of our criminal justice system demand this action. *Sanborn v. Commonwealth*, Ky., 754 S.W.2d 534 (1988).

COMBS, J., joins this dissent.