**Frank DEROSSETT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 92–SC–767–MR.

Supreme Court of Kentucky.

Dec. 22, 1993.

Ned Pillersdorf, Prestonsburg, for appellant.

Chris Gorman, Atty. Gen., Gregory C. Fuchs, Asst. Atty. Gen., Criminal Appellate Div., Frankfort, for appellee.

REYNOLDS, Justice.

Frank Derossett appeals from a murder conviction and sentence of 40 years' imprisonment. Derossett shot the decedent, Clive Case, six times, in the presence of witnesses at the American Legion Post in Floyd County. Appellant, at trial, testified that he had no memory of the shooting and presented expert testimony that he was suffering from extreme emotional disturbance. He also related the decedent's long-standing hostility and threats toward him over the years. The jury was presented with varying accounts of events which led to appellant's shooting of the decedent.

Appellant raises four errors: (1) the trial court erred in failing to excuse two potential jurors for cause; (2) statements by the Commonwealth's attorney violated appellant's right to a fair trial; (3) the Commonwealth's attorney improperly attempted to impeach

appellant's character through the introduction of prior bad acts; and (4) the trial court erred in instructing the jury on intentional murder when evidence of extreme emotional disturbance was uncontroverted.

Appellant first contends the trial court erred when it failed to excuse two venirepersons for cause and ignored obvious grounds to strike these potential jurors because, as the judge stated, "we're short of jurors." The first venireperson, Stephen Jenkins, stated during voir dire that, "the only thing I knew about the case was the night that it happened, I think I drove out there. I live at Martin." Both the prosecution and the defense moved to strike Jenkins for cause because of his presence at the scene. Due to peremptory challenges by both the prosecution and the defense, Jenkins did not participate in rendering the verdict.

The question of whether a juror should be excused for cause is a matter within the discretion of the trial court. *Grooms v. Commonwealth,* Ky., 756 S.W.2d 131 (1988). As Jenkins had (1) only driven by the scene due to curiosity, (2) stated that such information was not enough to talk about, and (3) disclaimed any bias, and as the position of decedent's body was not at issue at trial, we conclude that the trial court did not abuse its discretion in failing to strike Jenkins for cause. Jenkins's curiosity, standing alone, does not render *Marsch v. Commonwealth,* Ky., 743 S.W.2d 830 (1980), applicable to the trial court's ruling as to this prospective juror. The voir dire reflects no implied or reasonably inferred bias. We do not consider his act, standing alone, as a valid objective basis for a challenge for cause. The appearance or existence of a juror in anything less than a pure vacuum simply does not operate to sustain a challenge for cause.

The second venireperson, Roberta Newsome, stated that decedent's family lives "four houses below me." She answered that while she was not acquainted with the victim, she knew two of his sisters "pretty well." She asserted that her knowledge would not influence her verdict. Appellant's motion to strike for cause was overruled and he subsequently used a peremptory challenge to strike Ms. Newsome.

Acquaintance with a victim's family or residing in the same general neighborhood is not a relationship sufficient to always disqualify a prospective juror. *Campbell v. Commonwealth,* Ky., 788 S.W.2d 260 (1990); *Cf. Sanders v. Commonwealth,* Ky., 801 S.W.2d 665 (1991).

The trial court's ruling was not clearly erroneous. The record does not persuade us that either juror had such a close situational relationship with the victim or incident as to compel a presumption of bias. As we have concluded that the trial court's actions were not in error, we are not required to reach the question of whether the appellant's use of peremptory strikes to remove these jurors deprived him of a substantial right provided by state law or denied him due process.

The error attributed to the failure to excuse either or both jurors for cause is not properly postured for further review insofar as neither juror sat, nor has prejudice been shown as the record does not disclose that appellant exhausted all peremptory challenges as to these venirepersons. *Wilson v. Commonwealth,* Ky., 836 S.W.2d 872 (1992); *Sanders, supra.*

Appellant complains that two statements made by the Commonwealth's attorney during summation were so prejudicial as to deprive him of his right to a fair trial. He maintains that such statements were expressions of the prosecutor's opinion, turning him into a partisan rather than a representative of the people. As to the initial statement, the prosecutor may have attempted to express an opinion as noted by appellant, but defense counsel's timely objection prevented the prosecutor from relating an opinion. *West v. Commonwealth,* Ky., 780 S.W.2d 600 (1989), holds that failure to move for a mistrial following an objection and admonition from the court indicates satisfactory relief was granted.

Appellant asserts that the second statement was an impermissible glorification of the victim. Attorneys are to be given

great leeway in arguments. The expression of an opinion is proper when based on the evidence. *Slaughter v. Commonwealth*, Ky., 744 S.W.2d 407 (1987). As to appellant's allegation concerning the prosecutor's reference to the decedent as "my client," such is not equivalent to impermissibly glorifying a decedent. *Morris v. Commonwealth*, Ky., 766 S.W.2d 58 (1989). Prosecutorial maneuvers of this type, however, are less than commendable.

As a third assignment of error, appellant states that the trial court erred in allowing the prosecutor to impeach his character by questioning him about prior bad acts. The trial judge initially accepted the prosecutor's explanation that the intended line of questioning was to impeach appellant's statement that he is not a violent person. Appellant maintains that the questioning was improper since he never opened the door to impeachment of his character under KRE 404(a)(1) by affirmatively stating that he is not violent.

The prosecutor posed the following question during cross-examination of the appellant: "Mr. Derossett, you say you are not a violent person. Is part of your marital discord, marital problems, focused around violent behavior?" An objection was overruled, and appellant answered, "We had problems. We had fights, yes." The prosecutor next asked appellant whether he had pulled a gun on his wife and appellant's objection was sustained prior to an answer being given. The jury was admonished not to consider the question. The prosecutor then inquired if he had, "pulled a gun on some people before." Counsel's objection was again sustained.

KRE 611 provides that a witness may be cross-examined on any matter relevant to any issue in the case, including credibility, and that in the interest of justice, the trial court may limit cross-examination with respect to matters not testified to on direct examination.

> Kentucky has long been an adherent to the "wide open" rule of cross-examination. It has permitted inquiry on cross-examination to extend to the outer limits of the dispute, without reference to the subject matter of direct examination of the witness being tested on cross; relevancy defines the scope of cross-examination. In adhering to this approach, however, Kentucky has not left the trial judge without authority to impose reasonable limits on the interrogation of witnesses during cross-examination …

Lawson, The Kentucky Evidence Law Handbook § 3.20(II) (3d ed. 1993).

■ Therefore, KRE 611 embodies the "wide open" rule of cross-examination by allowing questioning as to any matter *relevant* to any issue in the case, subject to judicial discretion in the control of interrogation of witnesses and production of evidence. "[W]hile the trial court may not limit cross-examination because it involves matters not covered on direct, it may limit such examination when limitations become necessary to further the search for truth, avoid a waste of time, or protect witnesses against unfair and unnecessary attack." *Id.*

■ As the trial court sustained appellant's objections to such questions and admonished the jury without such being requested, and as appellant failed to request any further relief, error was not preserved for appeal. *West v. Commonwealth*, Ky., 780 S.W.2d 600 (1989).

Appellant contends that under certain circumstances the mere asking of a question may be so prejudicial as to overcome an admonition to the jury to disregard it as in *Bowler v. Commonwealth*, Ky., 558 S.W.2d 169 (1977). The court in *Bowler* reversed a conviction because the prosecutor in that murder case asked the defendant's stepdaughter, *without basis or regard* for the answer, whether she had ever been sexually abused by the defendant.

■ This case is clearly distinguishable from such as the prosecutor herein had a basis for cross-examining the appellant as to his supposed propensity for violence. There was testimony presented by Nicky Shawn Hamilton, the former stepson of appellant, concerning appellant's beating of Nicky's mother, Dorothy Derossett. Appellant's witness, Harwell F. Smith, Ph.D., filed a report which provided that "Frank has a legal history of flourishing a weapon … had a very

stormy 15 year marriage ... is likely to be quick to anger ... is inclined to impulsively do whatever comes to mind." Moreover, direct examination of appellant revealed that "the last few years of (his) marriage were fairly stormy."

■ Appellant's final contention is that the trial court erred in instructing the jury on intentional murder where there was uncontradicted expert testimony of extreme emotional disturbance. In *Matthews v. Commonwealth*, Ky., 709 S.W.2d 414 (1986), this court held that the Commonwealth need not present direct evidence of the absence of extreme emotional disturbance in a prosecution for intentional murder. Extreme emotional disturbance is a matter of evidence, not an element of the crime. Therefore, the Commonwealth's failure to produce expert testimony to rebut the existence of extreme emotional disturbance does not justify a reversal in this case. Mental illness and extreme emotional disturbance are not the same. *Sanders v. Commonwealth*, Ky., 801 S.W.2d 665 (1990).

The judgment of Floyd Circuit Court is affirmed.

LAMBERT, SPAIN, and WINTERSHEIMER, JJ., concur.

LEIBSON, J., dissents by separate opinion in which STEPHENS, C.J., joins.

STUMBO, J., not sitting.

LEIBSON, Justice dissenting.

Respectfully, I dissent. We should reverse the conviction.

There was almost overwhelming evidence at trial supporting voluntary manslaughter as the appropriate verdict rather than wanton murder. This was the strong evidence suggesting Derossett was suffering from extreme emotional disturbance at the time of the homicide. Had he been convicted of this lesser degree of criminal homicide, the maximum sentence would have been 20 years rather than the 40 he got. This makes the present case classify as a "close" case wherein trial errors become very important in deciding upon the reliability of the verdict. The verdict is unreliable because of three trial errors which (when considered cumulatively) have such weight they should be viewed as reversible error. They are:

1) Refusing a challenge for cause against a prospective juror, Roberta Newsome, who lived only four doors from the parents and sisters of the victim, and knew the victim's sisters "pretty well." Surely she could not have been reasonably expected to return unconcerned to the same neighborhood if she were to show leniency towards the defendant. Recently, in *Anderson v. Commonwealth*, Ky., 864 S.W.2d 909 (1993), we granted a new trial because a juror who was related by marriage to the complaining witness's boyfriend, lived in the same general area as the boyfriend, and had been known to spend time with the boyfriend and boyfriend's relations, failed to disclose these facts in answer to questions on voir dire. *A fortiori*, a juror who does in fact disclose a similar disqualifying relationship should have been excused for cause. The defense had to use a peremptory challenge to disqualify this juror, which means the error in failing to excuse for cause deprived the appellant of a due process right. *Thomas v. Commonwealth*, Ky., 864 S.W.2d 252 (1993).

2) The prosecutor's comments ("this [victim] is my client") were prejudicially improper, equivalent to making the prosecutor a "character witness" for the deceased.

3) Most importantly, permitting the prosecutor to cross-examine the defendant about prior violent behavior, when the defendant had *not* put his character for peacefulness in issue, was prejudicial error.

The defendant's testimony on direct that he "had a stormy relationship with his wife" was *not* testimony which could be considered to open the door to whether he was a violent person by history. The defense's initial objection was erroneously overruled. Defense's further objections made after the prosecutor accused the defendant in front of the jury of having "pulled a gun" on his wife, and on "some other people," while sustained, surely left the jury with the impression that the defendant was a violent person.

The defendant *never* said he was not a violent person. Cross-examination on this

subject should have been cut off before it started, rather than the judge futilely attempting to correct the prejudice after the damage was done.

STEPHENS, C.J., joins this dissent.