# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

Supreme Court of Kentucky

2016-SC-000069-MR

JAMES R. O'BANNON, JR.                                          APPELLANT


ON APPEAL FROM JEFFERSON CIRCUIT COURT
V.                    HONORABLE A.C. MCKAY CHAUVIN, JUDGE
NO. 14-CR-000776


COMMONWEALTH OF KENTUCKY                              APPELLEE


**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**


On March 14, 2014, Appellant, James O'Bannon, Jr., while driving in Jefferson County, Kentucky, disregarded a stop sign and struck a minivan carrying one adult, three teenagers, and two infant children. One of the infants died from her resulting injuries, while the other infant sustained a skull fracture. The driver of the van and the teenagers suffered non-life threatening injuries. Blood tests were administered to Appellant shortly after the accident, revealing the presence of marijuana and a blood alcohol level well over the legal limit.

On March 26, 2014, a Jefferson County Grand Jury indicted Appellant. On October 23, 2015, a Jefferson Circuit Court Jury found Appellant guilty of murder, two counts of first-degree assault, one count of second-degree assault,

and two counts of wanton endangerment, operating a motor vehicle while intoxicated, and being a persistent felony offender in the first degree. The jury recommended that Appellant serve twenty-five years for murder, ten years for two counts of first-degree assault, five years for second-degree assault, and one year for both charges of first-degree wanton endangerment, enhanced to twenty-five years for being a persistent felony offender, with the sentences to run concurrently for a total of twenty-five years' imprisonment. The trial court sentenced Appellant in conformity with the jury's recommended sentence. Appellant now appeals his conviction and sentence as a matter of right pursuant to § 110(2)(b) of the Kentucky Constitution.

Appellant's first assignment of error is that the trial court failed to provide the jury with the proper instructions for first-degree assault. More specifically, Appellant complains that the jury instructions failed to include language that Appellant acted under circumstances manifesting extreme indifference to the value of human life. Appellant concedes that this issue is unpreserved for our review. Nonetheless, Appellant requests that this Court review the matter for palpable error pursuant to Kentucky Rules of Criminal Procedure ("RCr") 10.26.

This Court has long held that "[i]n a criminal case, the Constitution of the United States mandates the government must prove every element of the charged offense beyond a reasonable doubt." *Anderson v. Commonwealth*, 352 S.W.3d 577, 581 (Ky. 2011) (citing *In re Winship*, 397 U.S. 358, 364 (1970)). In Kentucky Revised Statutes ("KRS") 508.010, the following requisite elements for

2

the crime of assault in the first degree are set forth: "Under circumstances manifesting extreme indifference to the value of human life [a person] wantonly engages in conduct which creates a grave risk of death to another and thereby causes serious physical injury to another person."

The trial court's instruction to the jury read as follows:

You shall find Mr. O'Bannon guilty under this instruction if . . . (1) That in this county on or about March 14, 2014, Mr. O'Bannon caused serious physical injury* to [the victim] when he drove a truck into a van in which she was a passenger; -and- (2) That at the time the injury occurred, Mr. O'Bannon was wantonly* engaged in conduct which created a grave risk of death to another.

*"Wantonly"- A person acts wantonly with respect to a result or to a circumstance when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstances exists. The risk must be of such a nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.

It is apparent that the phrase "under circumstances manifesting extreme indifference to the value of human life" is missing from the jury's instructions. This phrase describes the aggravated level of wantonness which differentiates first-degree assault from the lesser offense of second-degree assault. KRS 508.010; *see Bell v. Commonwealth,* 122 S.W.3d 490, 496 (Ky. 2003). As the statute proscribing the crime of first-degree assault necessitates, the Commonwealth was required to demonstrate beyond a reasonable doubt that Appellant possessed more than just a wanton state of mind, and that he acted wantonly with extreme indifference to human life. Consequently, we find error with the trial court's instructions.

3

Despite the erroneous jury instructions, we do not believe Appellant suffered prejudice. Appellant's charges were predicated on the single criminal act of driving impaired. It is from this particular action that the resulting injuries and charges occurred—murder for the death of one passenger, assault for the three seriously injured passengers, and wanton endangerment for the remaining passenger and driver. The jury instructions for the murder and wanton endangerment charges required a finding that Appellant acted "under circumstances manifesting an extreme indifference to human life." The jury found the Appellant guilty beyond a reasonable doubt on those charges. Thusly, the jury did in fact evaluate Appellant's state of mind with respect to his decision to drive overtly impaired and found that he acted with a heightened level of wantonness. Consequently, Appellant has failed to demonstrate that he has suffered a manifest injustice requiring reversal of his convictions. There was no palpable error.

Appellant also argues that the trial court committed reversible error when it permitted Dr. Mary Fallat to testify regarding the injuries of one of the teenage passengers, Dasia Frazier. Once more, Appellant acknowledges that this issue is unpreserved and requests palpable error review.

The Commonwealth's witness, Dr. Fallat, is a pediatric surgeon who was working at the hospital where the five minors were treated following the accident. Dr. Fallat treated two of the victims, but she did not personally treat Dasia. For that reason, Dr. Fallat relied upon Dasia's hospital records and interpreted the findings to the jury. Appellant now complains that the trial

4

court erred in allowing Dr. Fallat to testify regarding Dasia's injuries because her opinion was not based on her own personal perception and the testimony constituted hearsay. Since Dr. Fallat's testimony is the only evidence concerning the extent of Dasia's injuries, Appellant contends that there was not enough evidence to convict him of first-degree assault.

Appellant relies on ample case law to support his argument. However, all of those cases concern the admission of lay testimony, not expert testimony. Appellant has not provided us with any precedential authority dictating that an expert witness must have personally perceived the injuries of a patient in order to testify to that patient's injuries and treatment. On the contrary, Kentucky Rules of Evidence ("KRE") 702 permits expert opinion testimony based upon out-of-court documents, such as medical records. Moreover, KRE 703 allows a testifying expert to rely on materials, including inadmissible hearsay, in forming the basis of his or her opinion.

Furthermore, we find merit in the Commonwealth's assertion that Appellant's failure to object to Dr. Fallat's testimony was strategic. At no point during the trial did Appellant attempt to contest the existence or extent of Dasia's injuries, nor did Appellant choose to cross-examine Dr. Fallat. As the Commonwealth points out, Appellant likely chose not to draw the jury's attention to the extent of Dasia's injuries. In *Commonwealth v. Rieder,* this Court explained that "when an objection is not voiced by the appellant's counsel at trial, we are left to wonder if trial strategy might be the motivating force for remaining silent." 474 S.W.3d 143, 147 (Ky. 2015). In this regard,

5

the Court ordinarily bounds a defendant to trial counsel's strategic and tactical decisions. *West v. Commonwealth*, 780 S.W.2d 600, 602 (Ky. 1989).

In *Chavies v. Commonwealth*, we stated that a palpable error is that which is "so egregious that it jumps off the page . . . and cries out for relief." 374 S.W.3d 313, 322-23 (Ky. 2012) (quoting *Alford v. Commonwealth*, 338 S.W.3d 240, 251 (Ky. 2011) (Cunningham, J., concurring)). We find no such error before us.

For the foregoing reasons, the judgment and sentence of the Jefferson Circuit Court is hereby affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Daniel T. Goyette
Joshua Hartman
Louisville Metro Public Defender

COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Jeffrey Allan Cross
Assistant Attorney General