# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: MARCH 14, 2024
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0045-MR

DAVID LYNN MORGAN                                               APPELLANT

V.
ON APPEAL FROM LOGAN CIRCUIT COURT
HONORABLE JOE W. HENDRICKS, JR., JUDGE
NO. 22-CR-00141

COMMONWEALTH OF KENTUCKY                                         APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**

David Lynn Morgan was convicted in Logan Circuit Court following a jury trial of bail jumping and being a persistent felony offender in the first degree (PFO I). The jury recommended an enhanced sentence of twenty years' imprisonment, and the trial court sentenced him accordingly. He now appeals as a matter of right[1] raising three allegations of error. Following a careful review, we affirm.

On March 24, 2022, Morgan entered guilty pleas to numerous criminal charges from three separate indictments in Logan Circuit Court. Morgan and his counsel signed an agreed order as part of the plea process which allowed Morgan to be released from custody on a $5,000 bond contingent on his

---

[1] KY. CONST. § 110(2)(b).

reporting back to the Logan County Jail on April 1, 2022. Morgan did not return to the jail as required.

In the early morning hours of April 8, 2022, Logan County Sheriff's Deputy Jason Brent received information Morgan was at his ex-wife's home and made his way to that location to serve an arrest warrant. Upon arriving at the location, Deputy Brent parked across the street in a church parking lot and observed Morgan outside the residence holding what appeared to be a rifle.[2] Deputy Brent contacted his superiors to inform them he had located Morgan and that Morgan appeared to be armed. The Kentucky State Police were called for assistance. Multiple officers arrived on scene and spent several hours attempting to persuade Morgan to surrender to no avail. After a special response team was called in from Lexington, Morgan surrendered without incident. He was subsequently indicted for bail jumping and being a PFO I.

A jury trial was convened on August 22, 2022. After jurors were selected but before the presentation of evidence commenced, the trial court conducted a lengthy conference with the Commonwealth, Morgan, and his defense counsel. Morgan indicated he had not returned to jail as ordered because he learned that his attorney, Stuart Wheeler, had been suspended from the practice of law on the same day he had entered his guilty plea in the three pending criminal cases. Morgan insisted the trial court and Commonwealth had allowed Wheeler to represent him though both were aware of the suspension. He was

---

[2] It was later determined the weapon was actually an air rifle.

not dissuaded from this belief despite being told multiple times by the trial court and Commonwealth that the suspension order was issued while court was being held on March 24, 2022, which meant there was no way anyone would have been on notice of it until afterwards. The trial court informed Morgan he had twice contacted the Clerk of the Supreme Court of Kentucky to express his concern over Wheeler's handling of multiple cases on the date of his suspension, and the Commonwealth indicated it would not have agreed to amending Morgan's bond nor allowed him to enter a guilty plea had he been aware of Wheeler's impending suspension. The trial court also noted Wheeler's suspension was immaterial to the bail jumping charge as the real issue was whether Morgan was subject to a valid court order to return to jail on a date certain and had failed to do so.

Morgan remained defiant and insisted he could not receive a fair trial with a presiding judge and prosecutor who were aware of Wheeler's suspension yet still allowed him to act as Morgan's attorney. He contended it was the fault of the trial court and prosecutor that he was "sitting in this position." Morgan continued to complain for over twenty minutes, insisting he would not be in this situation had the judge not allowed Wheeler to represent him. The trial court repeatedly reminded Morgan that a new judge would have no impact on the true issue which was whether Morgan had returned to jail as ordered. Ultimately, the matter proceeded to trial and the jury found Morgan guilty, sentencing him to five years for bail jumping, enhanced to twenty years by virtue of his being a PFO I. This appeal followed.

3

Morgan first asserts testimony by Chief Deputy Gary Martin of the Logan County Detention Center referring to Morgan's "rap sheet" was more prejudicial than probative and requires reversal. Morgan concedes this alleged error is not preserved for appellate review, but requests palpable error review pursuant to RCr[3] 10.26. "Under this rule, an error is reversible only if a manifest injustice has resulted from the error. That means that if, upon consideration of the whole case, a substantial possibility does not exist that the result would have been different, the error will be deemed nonprejudicial." *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky. 2006) (quoting *Graves v. Commonwealth*, 17 S.W.3d 858, 864 (Ky. 2000)). A palpable error is "easily perceptible, plain, obvious and readily noticeable." *Brewer v. Commonwealth*, 206 S.W.3d 343, 349 (Ky. 2006) (quoting *Burns v. Level*, 957 S.W.2d 218, 222 (Ky. 1997)).

Relevant evidence is defined in KRE[4] 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Relevant evidence is admissible unless excluded by the Constitution, statutes, evidentiary rules, or other rules promulgated by this Court. KRE 402. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." KRE 403.

---

[3] Kentucky Rules of Criminal Procedure.

[4] Kentucky Rules of Evidence.

4

On examination by the Commonwealth, Chief Deputy Martin was asked to refer to a document which was identified as Morgan's rap sheet. Chief Deputy Martin testified such documents contain booking and release information for a particular person as well as all charges pending against that individual.[5] He was then directed to the second page of the document which contained information regarding the indictment numbers to which Morgan had entered guilty pleas on March 24, 2022. He testified the rap sheet indicated Morgan was released from custody on those charges on March 24, 2022, and his next booking date into the Logan County Detention Center relative to those charges was April 8, 2022. The Commonwealth then clarified Morgan was not booked in on April 1, 2022, as required by the agreed order.

Morgan now contends it was unnecessary to reference his rap sheet to prove whether he had abided by the terms of his bond as the Commonwealth could simply have inquired of Chief Deputy Martin whether Morgan turned himself in on April 1, 2022, as ordered. He avers explaining the nature of a rap sheet was irrelevant and unnecessary. Further, Morgan argues allowing the jury to know his rap sheet was multiple pages long and showed multiple criminal cases was unduly prejudicial. He also claims introduction of this

---

[5] In discussions with the trial court outside the presence of the jury, the parties agreed it would be inappropriate for jurors to see Morgan's rap sheet because it contained information about unrelated criminal charges and prior convictions. Although the rap sheet was introduced by the Commonwealth as an exhibit, the document was neither published nor provided to the jury to use during their deliberations.

evidence violated the prohibition of KRE 404(b) relative to improper character evidence. We disagree.

The Commonwealth was required to prove Morgan did not abide by his bond conditions when he failed to return to jail as ordered on April 1, 2022. To do so, it utilized the records of the Logan County Detention Center which showed he had not complied. The jury was not informed of any criminal charges or movements in or out of the jail relative to any charges other than the three felonies to which Morgan had entered guilty pleas and agreed to bond conditions. The jury was already aware Morgan's alleged violation of the bond conditions served as the basis for the bail jumping charge. The evidence contained in the rap sheet simply laid the foundation for Chief Deputy Martin's testimony regarding noncompliance and was plainly relevant as to an essential element of the crime for which Morgan stood accused. Thus, we discern no undue prejudice arising from Chief Deputy Martin's testimony relative to information contained in the rap sheet and hold there was no palpable error.

Second, Morgan asserts Deputy Brent was permitted to give unduly prejudicial testimony during his direct examination. Again, Morgan concedes this error is unpreserved and requests palpable error review.

Deputy Brent testified he did not initially make contact with Morgan after seeing him with what appeared to be a rifle and instead waited for backup to arrive. When asked why officers did not move in immediately, Deputy Brent indicated officer safety was a key concern as Morgan had

6

nothing to lose.  You know, he had the warrants.  He knew he had a long time on the shelf.  So, there's no point in rushing in and, you know, create a situation that didn't have to be created.

No objection was lodged, but the trial court immediately sua sponte called a bench conference and instructed Deputy Brent to not refer to any plea deals or "sentences hanging over his head."  The trial court then admonished the jury to disregard the offending testimony, stating:

Um, for members of the jury, any testimony regarding potential penalties that Mr. Morgan would've faced at the time are irrelevant.  And I'm instructing you to disregard the testimony.

No request for further relief was made.

Morgan now argues Deputy Brent's statements were suggestive of his being a dangerous individual who could potentially resort to violence or extreme measures.  He asserts the resulting prejudice could not be overcome or cured by the trial court's admonition.  We disagree.

"A jury is presumed to follow an admonition to disregard evidence and the admonition thus cures any error." *Johnson v. Commonwealth*, 105 S.W.3d 430, 441 (Ky. 2003) (citing *Mills v. Commonwealth*, 996 S.W.2d 473, 485 (Ky. 1999)).  Admonitions will be presumed to be ineffective under only two circumstances.  First, "when there is an overwhelming probability that the jury will be unable to follow the court's admonition and there is a strong likelihood that the effect of the inadmissible evidence would be devastating to the defendant[.]" *Id.*  Or second, "when the question was asked without a factual basis and was 'inflammatory' or 'highly prejudicial.'" *Id.* (citing *Derossett v.*

*Commonwealth*, 867 S.W.2d 195, 198 (Ky. 1993); *Bowler v. Commonwealth*, 558 S.W.2d 169, 171 (Ky. 1977)).

Contrary to Morgan's unsupported assertions, nothing in the record reveals any reason—much less an overwhelming probability—the jury would be unable to follow the trial court's admonition. Further, Deputy Brent's brief statements cannot reasonably be said to have been "devastating" to Morgan. The jury was aware Morgan had entered guilty pleas in the three underlying felony cases, he had been released from custody following those pleas and agreement to the bond conditions, and he had failed to comply with the requirement of returning to jail at the appointed time. Thus, it would come as no surprise to the jury that Morgan was potentially facing additional jail time due to his guilty pleas to the three felonies. Finally, Deputy Brent's testimony was based on the factual record and his fleeting testimony cannot be characterized as inflammatory or highly prejudicial. Morgan has simply failed to present a sufficient basis to rebut the presumption that the trial court's admonition cured any potential error. Thus, we conclude there was no error, much less palpable error.

Finally, Morgan contends the trial court erred in failing to hold a *Faretta*[6] hearing after he requested to proceed pro se. Citing *King v. Commonwealth*, 374 S.W.3d 281, 295 (Ky. 2012), he asserts the failure constituted a structural

---

[6] *Faretta v. California*, 422 U.S. 806 (1975).

8

error mandating reversal. Our review of the record reveals no error, structural or otherwise.

"The Sixth Amendment to the United States Constitution and Section Eleven of the Kentucky Constitution guarantee criminal defendants the right to counsel as well as the converse right to self-representation." *Id.* at 290 (citing *Faretta*, 422 U.S. at 817). *See also Crawford v. Commonwealth*, 824 S.W.2d 847, 849 (Ky. 1992) ("A defendant has an absolute right to waive counsel and to represent himself . . . .") However, "courts indulge 'every reasonable presumption against a waiver of counsel.'" *Winstead v. Commonwealth*, 283 S.W.3d 678, 683 (Ky. 2009) (quoting *Buhl v. Cooksey*, 233 F.3d 783, 790 (3d Cir. 2000)). To overcome the presumption against waiver, "[a] request to proceed pro se or with counsel in a limited fashion must be timely and unequivocal." *Deno v. Commonwealth*, 177 S.W.3d 753, 757-58 (Ky. 2005) (citing *Moore v. Commonwealth*, 634 S.W.2d 426, 430 (Ky. 1982)). "It is not enough to express dissatisfaction with counsel or to request different counsel; the defendant, rather, must unequivocally ask to proceed *pro se.*" *Winstead*, 283 S.W.3d at 683 (citing *Deno,* 177 S.W.3d at 758). "[O]nce a defendant invokes his right to proceed pro se, in whole or part, the trial court is required to hold the *Faretta* hearing and allow the defendant to exercise the right, if at all possible." *Swan v. Commonwealth*, 384 S.W.3d 77, 93 (Ky. 2012) (citing *Hill v. Commonwealth*, 125 S.W.3d 221, 228 (Ky. 2004)). Here, because Morgan's alleged request was both untimely and equivocal, no *Faretta* hearing was required.

9

On the morning of trial, after the jury had been selected, Morgan asked to speak with the trial court. Reiterating his concerns about Wheeler's representation and believing the trial court and prosecutor was biased, Morgan inartfully requested a change of venue. During the ensuing conversation, Morgan expressed his desire to speak with another attorney before moving forward. After explaining the trial was going forward that day, the judge told Morgan he should not try to represent himself. In response, Morgan asked that the trial be put off and continued to assert reasons the trial court was biased and should be removed.

To be timely, a request to proceed pro se must be made before meaningful trial proceedings have begun. *Id.* (citing *United States v. Bishop*, 291 F.3d 1100, 1114 (9th Cir. 2002)). "A request is timely if made before the jury is selected or before the jury is empaneled." *Id.* (quoting *Bishop*, 291 F.3d at 1114). "The trial court may, of course, grant an untimely request but that is a decision lying within its sound discretion." *Soto v. Commonwealth*, 139 S.W.3d 827, 857 (Ky. 2004) (citing *Robards v. Rees*, 789 F.2d 379, 384 (6th Cir. 1984). It is undisputed jury selection had been completed prior to Morgan asking to speak with the trial court to voice his concerns. Clearly, meaningful trial proceedings had begun, rendering any request untimely. *Swan*, 384 S.W.3d at 93.

More importantly, however, Morgan did not make an unequivocal request to represent himself in whole or part sufficient to require a *Faretta* hearing. The concerns Morgan raised centered on his dissatisfaction with the trial

10

court's allowance of Wheeler's representation of him when guilty pleas were accepted regarding the underlying three charges and his belief the trial court was biased and would not be fair relative to the bail jumping charge. He expressed no dissatisfaction with his then-present counsel, articulated no desire to represent himself, and asked only for the opportunity to speak with another lawyer. His overarching aspiration was to have the trial presided over by a different judge. It was the trial court who broached the subject of Morgan representing himself and Morgan's response was only to ask for clarification of what the court was telling him.

"The defendant . . . must clearly indicate that he desires to dispense with counsel's services in whole or in part and to substitute himself for counsel. After all, where the defendant does not to any extent seek to waive counsel, there can be no need to warn him against the perils of waiver." *Commonwealth v. Martin*, 410 S.W.3d 119, 123 (Ky. 2013) (citing *United States v. Leggett*, 81 F.3d 220 (D.C. Cir. 1996); *Matthews v. Commonwealth*, 168 S.W.3d 14 (Ky. 2005)). Even under the broadest possible view of the proceedings, Morgan at best asked for different representation. He was concerned only with receiving a fair trial which he did not believe could occur based on his perception of bias by the trial court. At no point did he convey any want to dispense with counsel and proceed pro se. His current assertions to the contrary are unsupported by the record. There was no structural error as Morgan was not entitled to a *Faretta* hearing.

For the foregoing reasons, the Logan Circuit Court is affirmed.

11

All sitting. VanMeter, C.J.; Bisig, Conley, Keller, Lambert, and Nickell, JJ., concur. Thompson, J., concurs in result only.

COUNSEL FOR APPELLANT:

Erin Hoffman Yang
Assistant Public Advocate

COUNSEL FOR APPELLEE:

Russell M. Coleman
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General