**Frances RICHARDSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

July 22, 1977.

Rehearing Denied Sept. 9, 1977.

Discretionary Review Denied Jan. 24, 1978.

Jack Emory Farley, Public Defender, Anna H. Isaacs, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Victor Fox, Asst. Atty. Gen., Frankfort, for appellee.

Before VANCE, WILHOIT and WINTERSHEIMER, JJ.

WILHOIT, Judge.

Frances Richardson was indicted for murder as proscribed by KRS 507.020. At trial by jury the defendant was convicted of reckless homicide, a lesser included offense authorized by the instructions given by the court. The court imposed sentence of 3 years, in accord with the verdict of the jury. Defendant appeals asserting the following 2 grounds for reversal:

1. The trial court erred in denying the defendant's motion for a directed verdict at the close of the evidence;

2. The trial court erred in denying defendant's motion for a mistrial after a defense witness was cross-examined in violation of *Cotton v. Commonwealth,* Ky., 454 S.W.2d 698 (1970).

At approximately 1:00 a. m. on February 4, 1975, appellant was awakened by someone pounding on the door of her home. The person at the door identified herself as Delena Richardson, appellant's daughter-in-law. Some 4 days prior to February 4, 1975, Delena and appellant were involved in a fight and Delena had to be pulled away from appellant. Delena stated at that time

that she was going to "stomp [appellant] into the ground." When Delena came to appellant's home on February 4, Delena told appellant: "Goddamn you, I didn't come after Gary; I came after you. I've come back to finish the job that they stopped me from doing." Appellant told Delena to leave or she would have to shoot her. Delena responded: "You had better make it good because when I get in there I'll make you eat the Goddamn gun." Appellant fired shots through the door of her home until the banging on the door stopped. One of the shots struck and killed Delena.

At the close of all the evidence, appellant moved for a directed verdict of acquittal. The trial court denied the motion. The court instructed the jury on murder, first-degree manslaughter, second-degree manslaughter, and reckless homicide. The following self-protection instruction, limited to murder and first-degree manslaughter, was given:

> If at the time the defendant shot Delena Richardson as mentioned in Instruction 1 or 2 she believed that Delena Richardson was then and there about to use physical force upon her, she was privileged to use such physical force against Delena Richardson as she believed to be necessary in order to protect herself from it, but including the right to use deadly physical force in so doing only if she believed it was necessary in order to protect herself from death or serious physical injury at the hands of Delena Richardson.

Appellant was convicted of reckless homicide.

■ Appellant now argues that the trial court erred in denying the motion for a directed verdict since the court failed to consider the facts in view of KRS 503.-080(2)(b), the 'protection of property' defense. The circumstances of the shooting of Delena, according to appellant, establish the justification described in that section of the statute and the trial court was, therefore, bound to direct a verdict of acquittal. There was no request at trial for an instruction based on KRS 503.080(2)(b) and appel-

lant does not allege any error as regards the instructions that were given. The grounds offered by the defendant to support the motion for directed verdict were that the Commonwealth failed to show any intent to kill, that there was no showing of malice aforethought, that there was no evidence that a bullet from defendant's gun killed Delena, and that defendant was reasonable in using deadly force to protect herself and her child. There was no mention of the protection of property defense and, therefore, defendant is precluded from arguing on appeal that the trial court erred in failing to direct a verdict on that ground. RCr 8.14.

■ The appellant also claims error in the trial court's failure to declare a mistrial as requested upon the alleged occurrence of a *Cotton* violation. During the cross-examination of Hubert Richardson, appellant's husband, the Commonwealth's attorney asked him if he were not having financial difficulties and then asked: "You were giving out cold checks there and got put in jail, didn't you?" Before the witness made any response, the defendant's attorney objected and moved for a mistrial. The objection was overruled. As conceded by the Commonwealth, this questioning was improper, violating the rule established in *Cotton, supra.* Upon a consideration of the whole case, however, we do not believe there is a substantial possibility that the result would have been any different had the *Cotton* violation not occurred. RCr 9.24; *Abernathy v. Commonwealth,* Ky., 439 S.W.2d 949 (1969). The error is, therefore, harmless.

The judgment of the trial court is affirmed.

ALL CONCUR.