**Ronald Anthony BROWN, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

**No. 93–SC–154–MR.**

Supreme Court of Kentucky.

Dec. 22, 1994.

Michael M. Losavio, Louisville, for appellant.

Chris Gorman, Atty. Gen., Michael L. Harned, Todd Ferguson, Asst. Attys. Gen., Criminal Appellate Div., Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment based on a jury verdict which convicted Brown of kidnapping and robbery. He was sentenced to life without parole for 25 years for kidnapping and sentenced to 13 years for robbery. The sentences were ordered to run consecutively.

Brown presents six issues on appeal: 1) the Commonwealth lacked jurisdiction to try Brown for capital kidnapping because death occurred in West Virginia and not Kentucky; 2) the jury was improperly selected because potential jurors who could not or would not impose a death penalty were excluded; 3) the capital kidnapping statute, KRS 509.040 is constitutionally defective because it is overbroad and vague; 4) media coverage denied Brown a fair trial; 5) denial of the defense motion for a change of venue denied Brown a fair trial and 6) the trial court erred when it allowed into evidence Brown's statements and items seized from the stolen vehicle.

Brown was convicted of kidnapping and robbery. The Commonwealth had sought the death penalty for the kidnapping charge. The facts are confusing because Brown told at least three conflicting versions of what happened and he used the name of a friend during much of the escapade. In summary, Brown visited a local automobile dealer to test drive new vehicles. He used the name of a friend during these visits. Two of his original versions of the story accused that friend of being the triggerman. The friend was not in any way related to the events of the crime.

Brown left the dealership with a salesperson on the pretext of taking a demonstration drive. After they left the lot, Brown pulled a gun and forced the salesperson into the trunk. He bound the victim's hands with electrical tape. Brown gave different versions of the actual killing but the evidence indicates that the victim was shot in the head while in the trunk of the car. Brown then dumped the body in West Virginia. The jury found the evidence conclusive that the killing occurred in West Virginia. This appeal followed his conviction.

■ Brown's first claim of error is that the Commonwealth lacked jurisdiction to try him for capital kidnapping because the actual killing occurred in West Virginia and not Kentucky, and Kentucky only has jurisdiction when all of the elements of the crime are committed in Kentucky. *Anderson v. Commonwealth*, Ky., 349 S.W.2d 826 (1961). The Commonwealth must have jurisdiction and must prove each element of the charged crime. *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *Commonwealth v. Sawhill*, Ky., 660 S.W.2d 3 (1983); KRS 509.040; RCr 9.58.

KRS 509.040(1) establishes that a person is guilty of kidnapping when he unlawfully restrains another with the intent to accomplish or advance the commission of a felony or inflict bodily injury. KRS 509.040(2) defines the status of the felony. Kidnapping is a Class A felony if the victim suffers serious physical injury but it is a capital offense if the victim is not released alive.

Brown argues that because he was tried for capital kidnapping, the death of the victim is an element of the crime, and that because the death occurred in West Virginia, Kentucky lacks jurisdiction because all of the elements of the crime were not committed in this state.

■ This Court previously held that KRS 509.040(1) defines the statutory elements of kidnapping. *McClellan v. Commonwealth*, Ky., 715 S.W.2d 464 (1986). KRS 509.040(2) enhances kidnapping to a capital offense when the victim is not released alive. Kidnapping does not require proof of death of the victim. *Harris v. Commonwealth*, Ky.,

793 S.W.2d 802 (1990). *Cf. Calloway v. Commonwealth*, Ky., 550 S.W.2d 501 (1977).

■ Status circumstances do not create or define a criminal offense. *Cf. Hardin v. Commonwealth*, Ky., 573 S.W.2d 657 (1978), which discussed the authorization of a more severe penalty for PFO status crimes. *Cosby v. Commonwealth*, Ky., 776 S.W.2d 367 (1989), recognized that the status of a victim may enhance kidnapping to a capital offense. However, the critical holding in that case was that double jeopardy barred the death penalty for capital murder and capital kidnapping based on murder. Here, Brown was not convicted of murder, but only kidnapping. Reliance by Brown on *Cosby, supra,* and *Harris, supra,* is misplaced.

The elements of kidnapping are detailed in KRS 509.040(1). They include the unlawful restraint of another with the intent to accomplish or advance the commission of a felony or inflict bodily injury. It is only after a jury determines that the Commonwealth has met the burden of proving all of the elements in KRS 509.040(1) that the status of the victim and KRS 509.040(2) becomes an issue.

■ Brown's second issue is that the jury was improperly selected because potential jurors who could not or would not impose a death penalty were excluded. The basis for this argument rests on the contention of the first issue that Brown should not have been tried for a capital offense. He now argues that death qualification of a jury was improper when a death sentence was not appropriate for the crime charged. His argument would only be appropriate if the crime did not rise to a level which allowed the jury to consider a death sentence. Kentucky did have jurisdiction to charge and try Brown for a capital offense. Death qualification of the jury was proper in this situation. *Lockhart v. McCree*, 476 U.S. 162, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986); *Wilson v. Commonwealth*, Ky., 836 S.W.2d 872 (1992). There was no error.

■ Brown next argues that the kidnapping statute, KRS 509.040, is constitutionally defective because it is over-broad and vague. This issue was not preserved at trial and is not subject to appellate review. *Todd v.*

*Commonwealth*, Ky., 716 S.W.2d 242 (1986); RCr 9.22.

■ Even if preserved, Brown's argument must fail. He contends that the language "when the victim is not released alive" does not clearly state the prohibited conduct. It is clear that KRS 509.040 discourages placing a .22 revolver against the base of a victim's skull and killing that person. Any reasonable individual would realize that such conduct precludes release of that kidnapping victim while still alive. *Cf. Hardin, supra*, at 660; *Cutrer v. Commonwealth*, Ky.App., 697 S.W.2d 156 (1985).

The language of the statute provides an adequate definition of the prohibited conduct to an ordinary person and is sufficient to discourage arbitrary and discriminatory enforcement. *Kolender v. Lawson*, 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983); *Commonwealth v. Foley*, Ky., 798 S.W.2d 947 (1990). The statute is not constitutionally defective. There was no error.

Brown also claims that media coverage denied him a fair trial. Brown sought to have the press excluded from individual voir dire. After a hearing, the trial judge stated a concern about creating an atmosphere in which the jurors could be open, candid and honest. The press was allowed to sit in on individual voir dire. The jurors were referred to by number only and the trial judge offered each juror an explanation that the press was present but that they could request to be heard in closed session.

■ The decision of the trial judge to allow or exclude the press is an exercise of discretion that should not be disturbed absent a showing of an abuse of that discretion. *Lexington Herald–Leader Co. v. Meigs*, Ky., 660 S.W.2d 658 (1983). The selection of jurors has been a public process with exceptions only where good cause is shown. *Press–Enterprise Co. v. Superior Court*, 464 U.S. 501, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984). The federal court refined the standard in *Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986) when it held that there must be a substantial probability that a fair trial will be prejudiced by publicity, that closure would

prevent the prejudice and that reasonable alternatives to closure cannot adequately protect the fair trial rights.

The trial judge conducted a hearing and adopted Brown's suggestion that each juror be referred to by number only. There was no showing that the presence of the media prevented a fair trial. The trial judge did not abuse his discretion. There was no error.

■ Brown next seeks a reversal due to the denial of the defense motion for a change of venue. Upon proper application, a judge shall order a trial to be held in an adjacent county if it appears that the defendant cannot have a fair trial in the county where the prosecution is pending. KRS 452.210; *Greer v. Commonwealth*, 111 Ky. 93, 63 S.W. 443 (1901). The fact that jurors may have heard about a case is not sufficient to sustain a motion for a change of venue. *Brewster v. Commonwealth*, Ky., 568 S.W.2d 232 (1978). Brown's most compelling argument came when counsel noted the greater likelihood of a death sentence when a defendant is black and the victim is white as was the fact in the current case. Brown, however, overlooks the fact that this jury did not impose a death sentence in spite of the alleged prejudice.

■ The trial judge held a hearing regarding the venue motion and found that Brown had not demonstrated that public opinion was so prejudiced and widespread as to preclude a fair trial. A trial court's decision in this area is given great weight because of its presence in the county. *Hurley v. Commonwealth*, Ky., 451 S.W.2d 838 (1970). The trial judge did not abuse his discretion in denying the motion by Brown for a change of venue. *Payne v. Commonwealth*, Ky., 623 S.W.2d 867 (1981). Brown received a fair trial. There was no error.

Brown's last argument suggests that the trial judge erred when he allowed into evidence Brown's statements to police and items seized from the stolen vehicle. An F.B.I. agent arrested Brown as he was placing a gun into the trunk of the stolen car. The agent had been previously notified of an arrest warrant for Brown and that the vehicle

was possibly headed to a place within the agent's normal area of operation. The agent recognized the vehicle from a description and also identified Brown from a photograph which had been previously provided. Brown was arrested and searched. The search yielded .22 caliber bullets and a checkbook. The opened trunk and the passenger compartment of the car were also searched which uncovered the .22 caliber pistol that had been used to kill the victim.

Brown was advised of his *Miranda* rights and signed a waiver. He was then interviewed for almost 3½ hours by police officers and gave three conflicting versions of the events in question. The officers described him as being alert, agreeable and articulate. There was no indication that he was under the influence of drugs or alcohol.

After several pretrial hearings, Brown moved to suppress the statements made to police. The trial judge never actually made a formal ruling on the motion. However, it was Brown's duty to insist upon a ruling, and failure to do so is a waiver. *Bell v. Commonwealth*, Ky., 473 S.W.2d 820 (1971). Considering the totality of the circumstances, Brown's statements were given intelligently and voluntarily. *See Allee v. Commonwealth*, Ky., 454 S.W.2d 336 (1970). There was no reversible error as it relates to the statements provided to the police.

Assuming that Brown has standing to contest the issue of the vehicle search, it must be examined as two searches, the first search being the trunk area and the second being the passenger compartment. Brown was arrested while placing a weapon into the open trunk of the car. A search of the trunk area incident to arrest was proper. *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).

A warrantless search of a vehicle is allowed when the officers have probable cause to believe an automobile contains contraband or evidence of a crime. *Estep v. Commonwealth*, Ky., 663 S.W.2d 213 (1984); *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). An officer may also search the passenger compartment of the vehicle as a contemporaneous incident of the arrest. *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981); *Commonwealth v. Ramsey*, Ky., 744 S.W.2d 418 (1988). The search of the automobile and the introduction of the evidence gathered during that search did not violate Brown's protection from illegal search and seizure. There was no reversible error. The trial judge properly refused to grant Brown's motion to suppress his statements to police and all evidence seized from the stolen automobile.

 The two sentences, however, may not run consecutively but must run concurrently. *Bedell v. Commonwealth*, Ky., 870 S.W.2d 779 (1994). This error may be corrected on remand without a new trial.

The judgment of conviction is affirmed. This case is remanded to the trial court for proper sentencing.

All concur.