**Gary LUTTRELL, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

**No. 96–SC–0802–MR.**

Supreme Court of Kentucky.

Oct. 2, 1997.

credibility of a witness and whether the trial judge erred in sentencing Luttrell to a greater sentence on his second trial.

Luttrell was found guilty of murder by a jury and sentenced to twenty years in prison in 1992. In an unpublished memorandum opinion, this Court by a 4 to 3 vote reversed the conviction and remanded this matter to the circuit court for a new trial. The second jury found Luttrell guilty of murder and fixed his sentence at life in prison.

Luttrell and the victim were long-standing acquaintances. Luttrell shot the victim in the victim's apartment. Luttrell testified that he killed the victim with a pistol that he kept concealed in his boot because he heard the victim say something to the effect that he was going to kill both his girlfriend and Luttrell. Luttrell saw the victim pull the bolt on the rifle back and was beginning to insert a shell into the rifle, but Luttrell claimed that he did not remember actually firing his pistol. On cross-examination, Luttrell insisted that his memory blanked out from the point where he began to reach for his pistol. Luttrell also acknowledged that the victim was drunk at the time. The jury found Luttrell guilty of murder and he was sentenced to life imprisonment. This appeal followed.

Mark Wettle, Louisville, for appellant.

A.B. Chandler, III, Attorney General, Ian G. Sonego, Assistant Attorney General, Criminal Appellate Division, Frankfort, for appellee.

OPINION

WINTERSHEIMER, Justice.

This appeal is from a judgment based on a jury verdict which convicted Luttrell of murder for which he was sentenced to life imprisonment.

The questions presented are whether the motion for directed verdict on the grounds of justification should have been granted; whether the trial judge erred in referring to the forensic firearms examiner as an expert before the jury; whether there was improper commentary by the prosecutor as to the

I

■ Luttrell was not entitled to a directed verdict because of the defense of self-protection or protection of another. Luttrell's claim of self-protection was not raised in his previous appeal to this Court. In this appeal, he has presented no reason to indicate why this issue could not have been raised in the first appeal. This Court's previous opinion authorized a retrial and Luttrell did not contend otherwise at that time. *See Williamson v. Commonwealth*, Ky., 767 S.W.2d 323 (1989).

■ At the second trial, Luttrell moved for a directed verdict, however, the motion did not mention justification, self-protection, or protection of another. These defenses are obviously not elements of the offense of murder as defined by KRS 507.020. *See Rich-*

*ardson v. Commonwealth*, Ky.App., 559 S.W.2d 738 (1977).

The evidence against Luttrell did not require a directed verdict because Luttrell's claims of self-protection were not conclusively demonstrated. The physical evidence established that the victim was highly intoxicated at the time, that the rifle in possession of the deceased was not in fact loaded at the time, that considerable dexterity would be necessary for the deceased to load a bullet into the rifle and bring that bullet into place by operating the rifle bolt. The victim was shot three times, and two of the three wounds were contact wounds reflecting that the deceased was shot with the weapon pressed against the skin of the deceased's head. There was police testimony that Luttrell made a number of statements contemporaneous with his arrest reflecting that he harbored malice against the deceased.

Luttrell was not entitled to a directed verdict of acquittal pertaining to the defenses of self-protection and protection of another. *See West v. Commonwealth*, Ky., 780 S.W.2d 600 (1989).

## II

■ It was not reversible error for the trial judge to allow the Kentucky State Police Forensic Firearms examiner to testify as an expert by stating within the hearing of the jury "You may render an expert opinion."

Luttrell complains that after the qualifications of the firearms examiner were testified to within the hearing of the jury, the prosecutor asked that he be qualified as an expert witness. Defense counsel indicated that he believed that the witness was qualified as an expert but objected that the jury should not be told that the trial judge had made a finding that he was an expert. After this matter was argued at the bench and the trial court noted the objection by defense counsel, the trial judge stated within the hearing of the jury "You may render an expert opinion."

This Court has never held that a trial judge is precluded from informing the jury that a witness had been recognized as an expert. In this case, the trial judge did not state to the jury that the witness was recog-

nized as an expert but merely that the witness could give an expert opinion. There was no reversible error in this case. *See* KRE 702.

The comment by the judge made to the witness, "You may render an expert opinion," was harmless error. The witness, a police forensic firearms specialist, testified only that the bullets which killed the victim could have been fired from Luttrell's gun and that another spent cartridge had been fired from the victim's rifle. The first fact was not challenged and the second was favorable to Luttrell's claim of self-defense.

■ Great care should be exercised by a trial judge when the determination has been made that a witness is an expert. If the jury is so informed such a conclusion obviously enhances the credibility of that witness in the eyes of the jury. All such rulings should be made outside the hearing of the jury and there should be no declaration that the witness is an expert. If any error did occur, it was not unduly prejudicial error in light of the evidence before the jury and defense counsel's cross-examination of the witness. RCr 9.24.

## III

■ A review of the record shows that the prosecutor's reference to testimony by a witness as a "story" did not operate to deprive Luttrell of a fundamentally fair trial.

■ Luttrell never received a ruling upon his motion for an admonition, therefore this issue is not properly preserved for review. *Brown v. Commonwealth*, Ky., 890 S.W.2d 286 (1994). Luttrell never made a motion for a mistrial and the comment was an isolated one. Luttrell has cited no other instances of alleged prosecutorial misconduct. *See Byrd v. Commonwealth*, Ky., 825 S.W.2d 272 (1992). Six other witnesses, including Luttrell, testified following this witness. The witness was questioned and cross-examined extensively by defense counsel. The conduct of the prosecutor, taken as a whole in the circumstances of the trial, did not preclude the jury from fairly assessing the evidence presented. There was no error.

## IV

■ Luttrell claims that the trial judge committed reversible error by imposing a more severe sentence following the retrial than what was imposed following the first trial. In this case, the record indicates that the jury fixed the sentence at life imprisonment. The trial judge was not required to justify imposing a more severe sentence after Luttrell's retrial because the trial judge simply imposed the sentence that had been fixed by the jury in both trials.

The authorities relied on by Luttrell are not persuasive. The United States Supreme Court announced an exception to the cases relied on by Luttrell in a circumstance where the sentence was determined by a jury without that jury being advised of the prior sentence. The U.S. Supreme Court stated that the first prerequisite for the imposition of a retaliatory penalty is knowledge of the prior sentence. *Chaffin v. Stynchcombe,* 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973). We must also note that the U.S. Supreme Court in *Bullington v. Missouri,* 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981), observed that the double jeopardy clause imposed no absolute prohibition against the imposition of a harsher sentence at retrial after a defendant has succeeded in having his original conviction set aside. The fact that the same judge presided at both trials is of no consequence because the jury imposed the sentence.

■ In light of the fact that the retrial jury was not informed of Luttrell's previous sentence and that the trial prosecutor did not urge the jury to impose a life sentence, and the fact that Luttrell's sentence was determined by the jury in his first trial and at his second trial, without any modification by the trial judge, no presumption of vindictiveness should apply to Luttrell's life sentence on retrial. Luttrell has presented no evidence from the record to indicate or even imply any vindictiveness by the trial court in imposing the sentences fixed by the jury. The double jeopardy clause does not preclude a more severe sentence upon retrial when state law does not require any particular findings of fact to justify the increased sentence. Luttrell's constitutional rights were not violated by the imposition of a life sentence, which was within the permissible statutory range, after the jury found him guilty of murder on retrial.

The judgment of conviction is affirmed.

STEPHENS, C.J., and GRAVES, JOHNSTONE, LAMBERT and WINTERSHEIMER, JJ., concur.

COOPER, J., concurs by separate opinion in which STUMBO, J., joins.

COOPER, Justice, concurring.

I concur in the result reached by the majority, but write separately to express my view on the assertion contained in the majority opinion that the defenses of self-protection and protection of another are not elements of the offense of murder.

Once evidence is introduced which would justify an instruction on self-protection or any other justification defined in KRS chapter 503, the Commonwealth has the burden to disprove it beyond a reasonable doubt, and its absence becomes an element of the offense. KRS 500.070(1), (3), and 1974 Commentary thereto; *Brown v. Commonwealth,* Ky., 555 S.W.2d 252, 257 (1977). The burden of proof is assigned by including in the murder instruction the element "That he was not privileged to act in self-protection." *See, e.g.,* Cooper, 1 *Kentucky Instructions to Juries (Criminal),* § 3.21 (4th ed. Anderson 1993). Although self-protection is not an element of the offense of murder, the absence of self-protection was an element of that offense in this case. Thus, Appellant's motion for a directed verdict on the grounds that the Commonwealth did not prove every element of the offense was sufficient to preserve the issue. Regardless of whether the issue was preserved, I agree that Appellant was not entitled to a directed verdict on this issue. *West v. Commonwealth,* Ky., 780 S.W.2d 600 (1989).

STUMBO, J., joins this concurring opinion.