RENDERED: JULY 23, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0624-MR

WESLEY G. ALDRIDGE                                     APPELLANT

               APPEAL FROM LIVINGSTON CIRCUIT COURT
v.                 HONORABLE C.A. WOODALL, III, JUDGE
     ACTION NOS. 19-CR-00029, 19-CR-00030, AND 19-CR-00031

COMMONWEALTH OF KENTUCKY                         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, JONES, AND TAYLOR, JUDGES.

JONES, JUDGE: Wesley Aldridge appeals from the Livingston Circuit Court's judgment and sentence of eight years' imprisonment following his jury trial. Aldridge was convicted on three separately indicted counts of trafficking in a controlled substance (methamphetamine). We affirm the trial court's judgment and sentence.

# I. BACKGROUND

In December 2018, a confidential informant (CI) approached Detective Michael Lantrip of the Pennyrile Narcotics Task Force, asserting he had received information that Aldridge was selling methamphetamine. Detective Lantrip had known and worked with this CI for approximately five years. He categorized the CI as a "vigilante" or "do-gooder," someone who worked as a police informant for the purpose of ridding his community of the illicit drug trade. The CI also performed controlled drug purchases on behalf of police, earning about one hundred dollars per transaction.

Based on the information provided by the CI's source, Detective Lantrip equipped the CI with concealed audiovisual recording equipment and sent him to perform controlled drug purchases from Aldridge. In addition to the hidden recording equipment, the detective would also listen to the CI's conversations with Aldridge in real time, using software installed on the CI's cell phone. On December 5, 2018, the CI took one hundred dollars, provided by Detective Lantrip, and approached Aldridge for the purpose of buying methamphetamine. Aldridge told the CI he was "out of drugs" but nonetheless asked the CI to drive him to the home of a third party who could fulfill the request. When they arrived, the CI stayed in his vehicle while Aldridge took the CI's one hundred dollars and went inside. Aldridge eventually returned to the vehicle with a quantity of a substance

which would later test positive as methamphetamine. Aldridge took a small portion of the methamphetamine for himself before giving the remainder to the CI. Aldridge did not return any cash to the CI after the drug purchase, and it is unknown whether Aldridge kept any of the one hundred dollars for himself.

Detective Lantrip and the CI arranged further controlled drug purchases from Aldridge on December 7 and December 11, 2018. Both of these additional purchases were performed in a similar manner to the first, although the purchase on December 7 was for about three grams of methamphetamine, a significantly larger quantity of the drug. On that occasion, Aldridge not only took a small portion of the drug for himself, but he also consumed the drug while sitting in the CI's vehicle.

Based on these events, the Livingston County grand jury issued three separate indictments charging Aldridge with three counts of first-degree trafficking in a controlled substance, first offense (methamphetamine).[1] In the months leading up to trial, despite being represented by appointed counsel, Aldridge made several *pro se* pretrial motions, including a motion to suppress evidence. In its written order, the court declined to consider Aldridge's "motion for judgment of acquittal or declaratory judgement [sic]" based on the fact that Aldridge was represented by

---

[1] Kentucky Revised Statute (KRS) 218A.1412. Pursuant to the statute, the counts from December 5 and December 11 were charged as Class D felonies, while the count from December 7 was charged as a Class C felony because the quantity of methamphetamine exceeded two grams.

counsel and had not requested to represent himself, either solely or in the form of hybrid representation. *See Deno v. Commonwealth*, 177 S.W.3d 753 (Ky. 2005). The trial court explained that if Aldridge unequivocally requested to represent himself, the court would conduct a *Faretta*[2] hearing to address this issue. The record does not show that the trial court ever specifically addressed Aldridge's motion to suppress, nor does the record show that Aldridge subsequently requested to represent himself in any capacity.

At Aldridge's trial, the jury heard testimony from the CI and Detective Lantrip describing the aforementioned events. The jury also viewed the audiovisual recordings of the CI and Aldridge in the vehicle and heard testimony from Kentucky State Police (KSP) forensic chemists identifying the substances as certain quantities of methamphetamine. Finally, the Commonwealth also presented testimony from the evidence technician employed by the Pennyrile Narcotics Task Force, in which she described the procedures she used to store and transport the drug evidence for testing. Aldridge presented no witnesses or evidence in his defense. Instead, his defense counsel attempted to persuade the jury that Aldridge was not a drug trafficker but merely a hapless drug addict who knew where the CI could obtain methamphetamine.

---

[2] *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975).

Ultimately, the jury found Aldridge guilty on all three counts of first-degree trafficking in a controlled substance and recommended a concurrent term of eight years' imprisonment. On April 27, 2020, the trial court entered its amended final judgment and sentence[3] in accord with the jury's recommendation. This appeal followed.

## II. ANALYSIS

Aldridge presents two issues on appeal. First, he argues the trial court erroneously failed to grant a hearing on his *pro se* motion to suppress, as it was required to do under RCr[4] 8.27(2). However, the Commonwealth correctly points out that this issue is not properly preserved because neither Aldridge nor his appointed counsel ever addressed the trial court's failure to rule on the motion. "It is the duty of one who moves the trial court for relief to insist upon a ruling, and a failure to do so is regarded as a waiver." *Dillard v. Commonwealth*, 995 S.W.2d 366, 371 (Ky. 1999) (citing *Brown v. Commonwealth*, 890 S.W.2d 286, 290 (Ky. 1994)).

Even if we were to consider the trial court's failure to conduct a hearing on the merits and treat it as erroneous, an examination of Aldridge's

---

[3] The trial court's original judgment, entered on April 22, 2020, contained a typographical error in which the court mistakenly described the Class C offense for more than two grams of methamphetamine as occurring in 19-CR-00030, when it was actually in 19-CR-00029. The court remedied this mistake in its amended judgment.

[4] Kentucky Rule of Criminal Procedure.

unfocused *pro se* suppression motion indicates the trial court's error would have been harmless. The most substantial issue raised in the motion alleges improper chain of custody of the drug evidence, and even this vague allegation was refuted by the task force evidence technician's testimony at trial. We discern no grounds for reversal on this issue.

In Aldridge's second argument, he contends the trial court erroneously denied his request for an entrapment instruction. Aldridge claims the CI in this case was the "architect" of the trafficking incidents, and the jury should have been given the opportunity to consider whether he was lured into committing those offenses. Kentucky's codification of the entrapment defense is found in KRS 505.010:

> (1) A person is not guilty of an offense arising out of proscribed conduct when:
>
> > (a) He was induced or encouraged to engage in that conduct by a public servant or by a person acting in cooperation with a public servant seeking to obtain evidence against him for the purpose of criminal prosecution; and
> >
> > (b) At the time of the inducement or encouragement, he was not otherwise disposed to engage in such conduct.
>
> (2) The relief afforded by subsection (1) is unavailable when:
>
> > (a) The public servant or the person acting in cooperation with a public servant merely affords

the defendant an opportunity to commit an offense; or

(b) The offense charged has physical injury or the threat of physical injury as one (1) of its elements and the prosecution is based on conduct causing or threatening such injury to a person other than the person perpetrating the entrapment.

(3) The relief provided a defendant by subsection (1) is a defense.

Aldridge proffered an entrapment instruction to the trial court, but the court declined to submit it to the jury on the basis that there was no evidence supporting the instruction.

Criminal defendants are not required to testify to avail themselves of the entrapment defense (*see Wyatt v. Commonwealth*, 219 S.W.3d 751, 756 (Ky. 2007), but nonetheless there must be some evidence to support the instruction. "[A] criminal defendant may properly deny one or more elements of a criminal offense and alternatively claim the affirmative defense of entrapment *if* sufficient evidence is introduced at trial to warrant instructing the jury as to the defense." *Morrow v. Commonwealth*, 286 S.W.3d 206, 213 (Ky. 2009). Pursuant to KRS 505.010(2)(a), the entrapment defense is unavailable when "[t]he public servant or the person acting in cooperation with a public servant merely affords the defendant an opportunity to commit an offense[.]" Furthermore,

[e]ntrapment is a defense to a crime available to a defendant if [the defendant] was induced or encouraged

-7-

to engage in [the criminal] conduct by a public servant seeking to obtain evidence against him for the purpose of criminal prosecution, *and the defendant was not otherwise disposed to engage in such conduct at the time of the inducement*.

*Morrow*, 286 S.W.3d at 209 (emphasis added) (internal quotation marks and citations omitted).

Here, it is undisputed that the CI approached Aldridge regarding the possibility of purchasing methamphetamine. However, there is nothing in the record to indicate that Aldridge required any persuasion to participate. The Commonwealth specifically elicited testimony from both the CI and Detective Lantrip in which they stated Aldridge was not under any duress and not forced to say or do anything he did not wish to do. Aldridge did not elicit any information on cross-examination contradicting that testimony.

Additionally, the evidence adduced at trial effectively shows Aldridge was predisposed to engage in the criminal conduct. The CI's testimony showed that Aldridge did not deny being willing to sell drugs; he merely said he was "out of drugs." Aldridge then directed the CI to drive to locations where Aldridge could purchase methamphetamine for both himself and the CI, using money provided to the CI by Detective Lantrip. In short, Aldridge expressed ready willingness to participate in this venture. "Entitlement to the [entrapment] defense requires satisfaction of both prongs of the test, inducement and absence of predisposition."

*Id.* (citation omitted). "[P]redisposition may be demonstrated by 'evidence that . . . the accused has engaged in a course of similar crimes, where the defendant was merely afforded an opportunity to commit a preconceived plan, or where willingness to commit the crime is apparent by ready compliance.'" *Id.* at 210 (quoting *Wyatt*, 219 S.W.3d at 757). We discern no error in the trial court's refusal to provide the jury with an entrapment instruction.

### III. CONCLUSION

For the foregoing reasons, we affirm the Livingston Circuit Court's judgment and sentence of conviction.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Adam Meyer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky