JUDGE ELLIOTT
delivered the opinion of the court.
On the trial of this indictment for trespass to realty the appellant appeared, and, before any plea by him, moved to quash the indictment because one John Schneider was a member of the grand jury which found the indictment against him, and was not at the time he composed a part of the grand jury a citizen of this state or the United States, but instead thereof was at that time a citizen of and owing allegiance to the empire of Germany.
*458 On his motion, appellant introduced John Schneider, the grand juror, and offered to prove by him that he was born in Germany, of German parents, and that he came to the United States when he was about sixteen years of age, and had remained here ever since, but that he had never made any declaration of his intention to become a citizen of the United States, nor had he ever been naturalized as a citizen of the United States or made any application therefor.
Appellee’s objections to the introduction of this evidence were sustained, to which appellant excepted, and it is insisted that Schneider was not a legal witness because he had been a member of the grand jury that found the indictment.
By sections 112 and 114 of Code of 1877, grand jurors are shielded from responsibility for any vote they may give or any thing they may say relative to a matter legally before the grand jury, except for perjury committed by giving evidence before that body. But we have been referred to no law, statutory or otherwise, which makes the evidence of a grand juror, which has no connection with his official position, as such, and which relates to nothing that occurred in the jury-room of which he was a member, either illegal or against public policy.
Schneider, we think, was as competent as any other witness to prove the place of his birth and the government to which he owed allegiance, for although these facts had much to do with his qualifications, they had nothing to do with his duties as a grand juror.
By article 1, chapter 62 of the General Statutes “ No person shall be qualified to serve as a grand juryman unless he be a white citizen and a housekeeper of the county in which he may be called to serve, and over the age of twenty-one years,” and by sections 157 and 158 of the Criminal Code of 1877 the defendant has right, before pleading to the indictment, to move to set aside for “ a substantial error in the summoning or formation of the grand jury.”
*459 In tbe case of the Commonwealth v. Smith, 10 Bush, 477, this court held that a failure of any member of the grand jury to possess each of the qualifications prescribed by the statute, that is, a citizen and housekeeper of the county, and over the age of twenty-one years, renders indictments found by such jury subject to be set aside as for a substantial error in the formation of the grand jury.
The evidence offered and refused was therefore important to appellant, and as the court erred in rejecting it, the judgment is reversed and cause remanded for further proceedings consistent with this opinion.