## Lee v. Commonwealth.

(Decided October 6, 1925.)

### Appeal from Franklin Circuit Court.

1  Indictment and Information—That Grand Juror was Not "Qualified" to Serve is Not Ground, Under Statute, for Setting Aside Indictment.—In view of Carroll's Ky. Stats., section 2248, providing that service on grand jury of person not qualified or competent shall be no cause for setting aside indictment, an indictment will not be set aside because one not resident of county served on grand jury.

2. Criminal Law—Instruction, Requiring Jury to Believe, Beyond a Reasonable Doubt, Facts on which Claim of Self-Defense Based Erroneous.—In prosecution for murder, an instruction which required jury to believe from the evidence, beyond a reasonable doubt, the facts on which defendant's claim of self-defense was based is erroneous.

3. Homicide—Evidence Held to Require Submission of Instruction on Self-Defense.—In prosecution for murder, where there was evidence that appellant and three codefendants were engaged on one side in a general combat, and deceased and three others, combatants, were engaged on other side, the evidence required the submission of self-defense to the jury.

POLK SOUTH, JR., J. H. POLSGROVE and WALLACE MUIR for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

Opinion of the Court by Commissioner Sandidge—
Reversing.

The appellant, Edgar Lee, and three others were jointly indicted by the grand jury of Franklin county charged with murder. Upon a separate trial appellant was found guilty of manslaughter and his punishment fixed at confinement in the penitentiary for ten years. He prosecutes this appeal and urges numerous grounds as authorizing a reversal of the judgment.

It is insisted for him that the trial court erred in not sustaining his motion to quash the indictment herein for irregularity in the formation of the grand jury that indicted him because a member of the grand jury was not then a resident of Franklin county. Section 2248, Carroll's Kentucky Statutes, 1922, provides that no person shall be "qualified" to serve as a grand juryman unless he be a citizen and a housekeeper of the county in which he may be called to serve, and over the age of twenty-one years. It further provides that certain officers, those engaged in certain named vocations, those who are under indictment, and those who have been convicted of a felony and not pardoned shall not be "competent" to serve as grand jurors. That section of the statute further provides, however, "but the fact that a person not *qualified* or *competent* served on a grand jury shall not be cause for setting aside indictments found by such grand jury." By providing that the fact that a person not "qualified" or "competent" served on a grand jury should not be cause for setting aside an indictment, clearly demonstrates that the legislature enacting that clause intended to cover both classes. One not a citizen and housekeeper is by the statute made "not qualified." That one "not qualified" served is then decreed to be no ground to set aside an indictment. Hence, although one not a resident of the county served upon the grand jury that indicted appellant, that fact is not cause for setting aside the indictment herein. Commonwealth v. Smith, 10 Bush 476, and Raganthall v. Commonwealth, 14 Bush 457, cited and relied upon by appellant are not in point, because those opinions were written before the adoption of the present Constitution and before the enaction of section 2248 of our statutes, which carries the provisions above quoted.

It is insisted for appellant that the trial court erroneously submitted the law of self-defense to the jury in

the instruction given on that question. That instruction or the part objected to reads:

> "Although the jury may believe from the evidence beyond a reasonable doubt that the defendant, Edgar Lee, cut, wounded and killed Ed. Morrow, still if they believe from the evidence beyond a reasonable doubt that when he did so he had reasonable grounds to believe, etc."

It will be observed that the jury were required to believe from the evidence beyond a reasonable doubt the facts constituting appellant's right to defend himself. As written, in Adkins v. Commonwealth, 26 Ky. L. R. 496, the rule for the use of the expression "beyond a reasonable doubt," in instructions in criminal cases, is that all facts, the establishment of which would be prejudicial to the interest of the defendant, must be believed by the jury beyond a reasonable doubt; whereas, those which, if true, redound to his interest are required simply to be believed. Discussing an instruction similarly worded, in Biggs v. Commonwealth, 159 Ky. 836, we said:

> "Under this instruction the jury was required to believe beyond a reasonable doubt that the defendants' theory of the case was true before they could acquit them on the ground of self-defense. On that issue it shifted the burden from the Commonwealth to the defendants. The instruction in this particular is so manifestly wrong and so far out of harmony with the whole theory of American criminal law as to make a discussion of it superfluous." (See also Tolliver v. Commonwealth, 161 Ky. 82; Bonner v. Commonwealth, 18th Ky. L. R. 728; and Arnett v. Commonwealth, 137 Ky. 270.)

This court has uniformly held instructions so worded as to require the jury to believe from the evidence beyond a reasonable doubt the facts offered in evidence as constituting defendant's right to self-defense to be prejudicially erroneous and to require a reversal of the judgment.

It is insisted for the Commonwealth, however, that the instruction as given was not prejudicial under the facts of this case, since appellant denied inflicting the wound upon deceased from which he died, and denied having taken part in the fight or attack upon deceased.

That contention cannot be sustained because the evidence discloses that appellant and his three codefendants were engaged on one side in a general encounter, while deceased and some three or four companions were engaged on the other side. According to appellant and his co-defendants deceased and his friends precipitated the fight and he and his friends did all that they did while engaging in the encounter in defense of themselves and of each other. Appellant admitted engaging in the fight as did all of his co-defendants. Appellant and each of his co-defendants denied inflicting the wound that resulted in the death of deceased. Under those facts it clearly would have been error not to submit appellant's defense of self-defense, and the giving of the instruction worded as it was clearly was prejudicial to his substantial rights.

A number of other grounds for reversal were set forth in the motion and grounds for a new trial and have been urged here by brief of counsel for appellant. The question as to the misconduct of a juror and the question that a new trial should have been granted by reason of newly discovered evidence need not be discussed, since the granting of a new trial for the reason above gives appellant relief on those two questions. Our careful consideration of the other alleged errors urged by appellant has convinced us that they do not possess sufficient merit to require a discussion and determination of the questions presented.

For the reasons indicated the judgment is reversed and this cause remanded for further proceedings consistent herewith.