## Orlando v. Commonwealth.

(Decided March 15, 1927.)

### Appeal from Boyle Circuit Court.

1. Larceny—Evidence in Prosecution for Larceny Held Sufficient to Take Case to Jury.—Against contention that trial court should have directed a verdict in prosecution for larceny, evidence held sufficient to take case to jury.

2. Criminal Law—Admitting Incompetent Evidence in Prosecution for Larceny Held Not Prejudicial, Where Jury was Admonished to Disregard it.—Admission of incompetent evidence in prosecution for larceny was not prejudicial error, where the court showed caution in examining witnesses and admitting evidence, and numerous objections prevented witnesses making connected statements.

3. Criminal Law—Instruction Requiring Proof Beyond Reasonable Doubt that Stolen Property was Worth Less than $20 Held Prejudicial Error.—On trial under indictment for grand larceny, an instruction requiring the jury to believe beyond a reasonable doubt

that stolen property was of value less than $20 was prejudicial error; this being a matter of defense.

4. Criminal Law—Instructions Should Not Require Jury to Believe Any Matter of Potential Defense Beyond Reasonable Doubt.—The jury should not be required by instructions in a criminal prosecution to believe beyond a reasonable doubt any matter the defendant is entitled to present as a defense.

5. Criminal Law—Instruction Placing Burden on Defendant Held Not Cured by Another Instruction Referring Thereto as Correct Law.—An erroneous instruction on law of petit larceny, requiring jury to believe beyond reasonable doubt the stolen property worth less than $20 was not cured by another instruction that, if defendant was not guilty of grand larceny, the jury might find him guilty of the lesser offense, where erroneous instruction was referred to as correct law.

C. C. BAGBY and E. C. NEWLIN, Jr., for appellant.

FRANK E. DAUGHERTY, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

Appellant was convicted on an indictment in the Boyle circuit court charging him with the offense of grand larceny and his punishment was fixed at one year in the penitentiary. He is charged with having stolen two automobile tires and two automobile rims of greater value than $20.00, the property of J. N. Wilson. J. N. Wilson did not testify in the case, but other witnesses introduced for the commonwealth showed that Wilson was the owner of a machine shop in Danville and that two automobile tires and rims were stolen from him. One of the tires was comparatively new and the other had been retreaded. When Wilson missed the tires he went out in search of them and returned a short while thereafter with one of the tires. We learn from other evidence in the record that this tire was found attached to the back of an automobile belonging to appellant. Later the other tire and rims were found in an old building used for a garage, where it is shown appellant sometimes kept his automobile. Appellant testified that he purchased the tire from a negro one night as he came in from a hunting trip with two other gentlemen with him. In this he is corroborated by the two men who were with him, and they appear to be men of standing in the community. The evidence for the commonwealth is not strong, and we specifically reserve the question as to whether the verdict of the jury is flagrantly against the weight of the evidence, although there was sufficient evidence to take

the case to the jury. This disposes of the ground for reversal relied on by appellant that the court should have directed a verdict in his favor.

Another ground relied on for reversal is that the court allowed incompetent evidence to be introduced in behalf of the commonwealth. There is apparently some ground for this complaint, although we find no incompetent evidence prejudicial to the substantial rights of the appellant. The court, through a rather long and involved examination of witnesses, appears to have been cautious in the admission of evidence, and, where incompetent evidence got before the jury, the jury was admonished not to consider it. With the numerous objections in the record it was difficult for the court to determine what was competent and what was not, as he was not allowed to get any connected statement of the facts about which the witnesses testified.

The most serious ground relied on for reversal by appellant is that the second instruction given by the court is erroneous. The attorney general in his brief admits the error in the instruction in that it required the jury to believe beyond a reasonable doubt that the value of the property stolen was of less value than $20.00. Whether the property was of less value than $20.00 was a matter of defense, and the jury should not have been required to believe beyond a reasonable doubt any matter which the defendant is entitled to present as a defense. The court had this question before it in the case of Lee v. Comlth., 210 Ky. 410, where it approved the opinions in the case of Adkins v. Comlth., 26 K. L. R. 496; Briggs v. Comlth., 159 Ky. 836, and other cases. In the Lee case the court said:

"This court has uniformly held instructions so worded as to require the jury to believe from the evidence beyond a reasonable doubt the facts offered in evidence as constituting defendant's right to self-defense to be prejudicially erroneous and to require a reversal of the judgment."

It is equally prejudicial to require the jury to believe beyond a reasonable doubt that the property stolen was of less value than $20.00.

The attorney general suggests, however, that the error in the second instruction may have been cured by the third instruction in which the jury was told if it be-

lieved from the evidence beyond a reasonable doubt that the defendant had been proven guilty, but entertained a doubt whether he had been proven guilty of the charge of grand larceny as defined in instruction No. 1, or petit larceny as described and set forth in instruction No. 2, it should find appellant guilty of the lesser offense. There would be much weight in this suggestion if it were not that the court referred to instruction No. 2 as the correct law governing whether the jury should find appellant guilty of petit larceny. The error was not cured, and for that reason the case must be reversed.

Judgment reversed and remanded for proceedings consistent with this opinion.