Sidney RICE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 12, 1965.

John C. Anggelis, Lexington, for appellant.

Robert Matthews, Atty. Gen., Frankfort, Chas. W. Runyan, Asst. Atty. Gen., Victor Bradley, Jr., Commonwealth Atty., Georgetown, William Baldwin, County Atty., Paris, for appellee.

STEWART, Judge.

Sidney Rice was convicted of the crime of wilfully and maliciously shooting at and wounding another with intent to kill and, being found guilty, was sentenced to the penitentiary for 15 years. See KRS 435.170(1).

He appeals, urging these grounds for reversal: (1) The indictment should have been set aside because two persons sitting on the grand jury, that returned it, were illegal members; (2) the motion to dismiss the case on the claimed ground of double jeopardy should have been sustained; (3) the instructions were erroneous (a) in failing to provide that a unanimous verdict was required in order to convict and (b) in not stating that, if there was reasonable doubt of the guilt of the accused, the jury should find him not guilty; (4) the comments of the trial judge (noted hereinafter) were prejudicial; and (5) the trial judge erred in not permitting a witness, who sat in the courtroom during the trial and was under the rule of separation, to testify.

The first complaint is the indictment should have been set aside because an employee of the Department of Highways and the wife of the county attorney sat on the grand jury that returned it. We are not informed why these two persons were ineligible to serve. On the other hand, they meet the test as to the basic qualifications laid down in KRS 29.025(1). See also KRS 29.020(2). In Lee v. Commonwealth, 210 Ky. 410, 276 S.W. 127, an indictment was not set aside because one not a resident of the county served on the grand jury.

The grand jury proceeding is not a trial. Such a body does nothing more than accuse a person of the offense he is alleged to have committed. The grand jury is merely required to find an indictment where they have received what they believe to be sufficient competent evidence to support it. See RCr 5.10. Even if the two who are objected to were ineligible to sit, which ineligibility is not established, this is not a valid reason for quashing the indictment in view of the requirement of KRS 29.005 that: "A grand jury shall consist of twelve persons, nine of whom concurring, may find an indictment." We conclude this contention is without merit.

Appellant was convicted under the original indictment in the Bourbon Circuit Court and sentenced to the penitentiary in 1961. After serving two or more years, he applied for a writ of habeas corpus in the Oldham Circuit Court. The application was denied and this Court reversed this ruling in Rice v. Davis, Ky., 366 S.W.2d 153, with

directions that the writ issue. The trial court then granted the writ and ordered appellant released unless the proper officer of Bourbon County took him into custody for the benefit of the jurisdiction of the Bourbon Circuit Court.

Although the order did not expressly so provide, we may presume the part of it, relating to the possible resumption of jurisdiction over the case by the Bourbon Circuit Court, was issued pursuant to KRS 419.120. This statute contemplates another trial. Since the judgment of the Bourbon Circuit Court had been set aside by these voluntary proceedings of appellant, the only and next step to be taken was that of a new trial; the parties were then in the same position as if there had been no trial at all. See Foster v. Commonwealth, Ky., 348 S.W.2d 759. The record in this case shows appellant was found guilty under the same indictment on which the other conviction was had. In Allen v. Commonwealth, 272 Ky. 533, 114 S.W.2d 757, a case of similar import, it was held one may not complain of former jeopardy when he procured the setting aside of the former judgment. The jeopardy plea here was properly rejected.

In respect to the instructions, two contentions are made. One is that the jury was not told its verdict must be unanimous; the other that the trial court failed to instruct as to reasonable doubt in conformity with RCr 9.56. The latter item is specifically covered by "Instruction No. 5." The jury, however, was not informed their verdict must be agreed upon by all. RCr 9.82(1) requires the verdict to be unanimous.

■ Although in the case at bar, a perfunctory objection was interposed to all the instructions (but it is not necessary to raise any objection to the instructions at the time they are given), we said on this point in Hartsock v. Commonwealth, Ky., 382 S. W.2d 861, 864:

"* * * it is imperative that claimed errors in instructions, given or omitted, be presented to the trial court at some time, either by proper objection or by motion, and certainly no later than the motion for a new trial, before they may receive appellate review. * * * The underlying principle of the rule is to afford an opportunity to the trial court, before or during the trial or hearing, to rule upon the question raised. * *"

■ As appellant failed to pursue a course of action which would enable the trial court to make a timely correction of the error he raises, he cannot now ask us to consider it for the first time.

■ Another contention is that the trial judge made caustic comments during the trial which it is asserted were so highly detrimental that the minds of the jury were influenced against appellant. Six instances are mentioned, and all of these arose from colloquies between the trial judge and appellant's counsel when discussing certain points of evidence. We have carefully read the record and, on the whole, we are unable to detect any statements of the trial judge that went beyond the immediate subject matter under consideration.

■ The last assignment of error relates to the refusal of the trial court to allow a witness, who had been placed under the rule of separation, and then had sat in the courtroom throughout most of the trial, to testify for appellant. Appellant had asked for the rule and, later, when he called Margaret Mach as a witness in his behalf, it was discovered she had been present in the courtroom and had heard the testimony of adverse witnesses. Then appellant wanted to be relieved of the binding effect of the rule. It was too late. The burden was upon him and his counsel to see that Margaret Mach did not disqualify herself by violating the rule.

■ While RCr 9.48, dealing with the separation of witnesses, is not mandatory, we are of the opinion that once the trial court puts the rule into effect it is binding upon the parties, subject, of course, to the

discretion of the trial court as to whether a particular violation has been prejudicial. See Turner v. Commonwealth, 240 Ky. 536, 42 S.W.2d 716.

Wherefore, the judgment is affirmed.