RENDERED: APRIL 10, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0004-MR

JOHN AULT
APPELLANT

v.
APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE THOMAS L. TRAVIS, JUDGE
ACTION NO. 22-CR-00683

COMMONWEALTH OF KENTUCKY
APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; CETRULO AND KAREM, JUDGES.

THOMPSON, CHIEF JUDGE: John W. Ault (Appellant) appeals from a judgment of the Fayette Circuit Court arising from a conditional guilty plea to one count each of sexual abuse in the first degree and incest.[1] He argues that the circuit court erred in denying his request to withdraw his guilty plea, and in its disposition

---

[1] Kentucky Revised Statutes (KRS) 510.110 and KRS 530.020.

of several rulings entered prior to and after the plea. After careful review, we find no error and affirm the judgment on appeal.

## FACTS AND PROCEDURAL HISTORY

On August 2, 2022, a Fayette County grand jury indicted Appellant on four counts of sexual abuse in the first degree against victim "G.R.," and one count each of sexual abuse in the first degree, sodomy in the first degree, and incest against victim "A.F."[2] G.R. is Appellant's step-granddaughter, who was approximately six years old in 2019 when the offenses began. She alleged that they continued for three years. A.F. is Appellant's biological daughter, who is now approximately 39 years old. She alleged that the offenses committed against her by Appellant occurred in the mid-1990s, when she was between seven and nine years old. The explicit sexual nature of these offenses is detailed in the circuit court record.

The matter proceeded in Fayette Circuit Court for approximately two years, during which time Appellant moved to represent himself. The circuit court granted the motion, and licensed counsel was retained to oversee Appellant's self-representation. Appellant filed several motions, including motions for a bill of particulars, for discovery, for access to resources, to continue the trial, and to have a victim evaluated.

---

[2] We will use the victims' initials as these charges involve sexual offenses against children.

Shortly before trial, Appellant entered a conditional guilty plea to one count of sexual abuse in the first degree and one count of incest, reserving the right to appeal all pretrial motions. Per the plea offer, the Commonwealth recommended a sentence of ten years in prison.

Shortly thereafter, Appellant moved to withdraw his guilty plea. In support of the motion, Appellant argued that his hybrid counsel failed to advise him regarding how long the appellate process would take and how the possible death of witnesses could affect a trial. The circuit court denied the motion, and sentenced Appellant to ten years in prison in accordance with the Commonwealth's recommendation. This appeal followed.[3]

## ARGUMENTS AND ANALYSIS

Appellant first argues that the charges in the indictment involving A.F. should have been severed from the charges involving G.R., and that the Fayette Circuit Court erred in failing to so rule. Citing *Peacher v. Commonwealth*, 391 S.W.3d 821, 837 (Ky. 2013), Appellant argues that for separate offenses to be tried together, there must be a sufficient nexus between them to justify a single

---

[3] The Commonwealth questions Appellant's preservation of the pretrial issues that he raises on appeal because he did not specify at the time of the guilty plea which issues he was reserving the right to appeal. The Commonwealth notes that Appellant entered a guilty plea conditioned on his "right to appeal all pretrial motions," which number almost 100 filings. We have chosen to ignore the deficiency in preservation, if any, and proceed with the review. *K.M.J. v. Cabinet for Health and Family Services*, 503 S.W.3d 193, 196 (Ky. App. 2016).

trial. He asserts that this nexus must be grounded on a logical relationship between the offenses, a single transaction or occurrence, or a common scheme.

Appellant maintains that there is no sufficient connection between the charges involving A.F. and G.R. to form a nexus between them sufficient to justify a single trial. He notes that the allegations made by A.F. included digital penetration, ejaculation, and professions of love. In contrast, G.R. alleged no penetration or ejaculation, and Appellant told her she was a terrible person and deserved the things he was doing to her. Appellant also points out that the allegations made by A.F. centered on acts occurring between 1992 and 1994, whereas those made by G.R. involved acts occurring between 2016 and 2019. Based on the lack of a proper nexus required to justify a single trial, Appellant argues that the circuit court erred in denying his motion to sever the charges.

Kentucky Rules of Criminal Procedure (RCr) 6.18 states that,

> [t]wo (2) or more offenses may be charged in the same complaint or two (2) or more offenses whether felonies or misdemeanors, or both, may be charged in the same indictment or information in a separate count for each offense, if the offenses are of the same or similar character or are based on the same acts or transactions connected together or constituting parts of a common scheme or plan.

This rule exists in the interest of judicial economy and for the efficiency of avoiding multiple trials. *Garrett v. Commonwealth*, 534 S.W.3d 217, 223 (Ky. 2017). In contrast, RCr 8.31 provides that,

> [i]f it appears that a defendant or the Commonwealth is or will be prejudiced by a joinder of offenses or of defendants in an indictment, information, complaint or uniform citation or by joinder for trial, the court shall order separate trials of counts, grant separate trials of defendants or provide whatever other relief justice requires. A motion for such relief must be made before the jury is sworn or, if there is no jury, before any evidence is received. No reference to the motion shall be made during the trial. In ruling on a motion by a defendant for severance the court may order the attorney for the Commonwealth to deliver to the court for inspection in camera any statements or confessions made by the defendants that the Commonwealth intends to introduce in evidence at the trial.

A trial judge has broad discretion in ruling on a motion for separate trials, and that determination will not be overturned on appeal unless an abuse of discretion is shown. *Elam v. Commonwealth*, 500 S.W.3d 818, 822 (Ky. 2016). It abuses its discretion if its decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). "A criminal defendant is not entitled to severance unless he positively shows prior to trial that joinder would be unduly prejudicial." *Cohron v. Commonwealth*, 306 S.W.3d 489, 493 (Ky. 2010) (footnote and citation omitted). Finally, "[t]rial judges are vested with great discretion in determining whether to join or sever offenses, and this Court has consistently declined to disturb that discretion absent a showing of clear abuse and actual prejudice." *Cherry v. Commonwealth*, 458 S.W.3d 787, 793 (Ky. 2015) (citations omitted).

The question before us, then, is whether Appellant has shown that the circuit court's denial of its motion to sever the offenses constitutes a clear abuse of discretion resulting in actual prejudice. *Id.* Here, the span of 12 years between the acts of sexual abuse against A.F. and G.R. was a factor in support of Appellant's motion to sever. In contrast, Appellant was alleged to have sexually assaulted both victims in about the same way, that is, by touching their genital areas and forcing them to perform oral sex. Both victims were minors; both were allegedly assaulted at Appellant's residence during their cohabitation with Appellant; and, both were familial victims – A.F. being Appellant's daughter, and G.R. being his step-granddaughter. Further, both victims were told by Appellant not to tell anyone about the assaults, and in both instances the assaults allegedly occurred over a period of between three to four years.

Based on the totality of the record, and in light of the court's great discretion in ruling on a motion to sever, we do not find the clear abuse and actual prejudice required to reverse the circuit court's ruling. We find no error on this issue.

Appellant also points to Kentucky Rules of Evidence (KRE) 404(b) in support of his claim that the risk of undue prejudice in combining the evidence against A.F. and G.R. outweighs the probative value of that evidence. He weaves into this argument his claim from above that the 12 years between the events

increases the likelihood of undue prejudice resulting from the circuit court's alleged improper failure to sever the charges.

KRE 404(b) states that,

[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible:

(1) If offered for some other purpose, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]

Thus, evidence of Appellant's other crimes, wrongs, or acts may be admissible if offered as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. In *Whaley v. Commonwealth*, 567 S.W.3d 576 (Ky. 2019), the Kentucky Supreme Court determined that evidence relating to each of the defendant's four sexual abuse victims was sufficiently similar to be admissible to show opportunity, intent, plan, absence of mistake and modus operandi. In so doing, it found that all charges involved an adult allegedly sexually assaulting a child who he had authority over; the charged offenses occurred at defendant's residence; and, the incidents involved the same or similar acts with each victim.

In the matter before us, the charges involved allegations of Appellant's sexual abuse of minor females to whom he was related, with who he

was residing, involving the same or similar acts with both victims. As in *Whaley*, we believe the evidence herein was sufficiently similar to be admissible to show opportunity, intent, plan, absence of mistake, and *modus operandi* per KRE 404(b)(1). We find no error.

Appellant goes on to argue that the Fayette Circuit Court erred in denying his renewed motion for a bill of particulars. Below, Appellant alleged that the indictment setting out charges related to G.R. contained no specifics with respect to when or where or how the acts were allegedly to have occurred. Based on this claim, he sought a bill of particulars in which the Commonwealth would specify when and where the bad acts allegedly occurred.

The circuit court granted Appellant's motion to compel the Commonwealth to produce a bill of particulars. The Commonwealth responded with a statement setting out the street address where the crimes allegedly occurred, and stated that an interview conducted at the Children's Advocacy Center (CAC) provided information as to each charge.

Not satisfied with the Commonwealth's response, Appellant continued to file additional motions seeking more specific bills of particulars. The Commonwealth again stated that Appellant should be prepared to defend charges of sexual abuse in the first degree and sodomy in the first degree against victim G.R. occurring between 2016-2019 at the residence previously indicated. The

circuit court denied Appellant's final request for an additional bill of particulars upon ruling that Appellant was given adequate notice of the charges against him, and the time frame and location of the alleged criminal acts. Appellant now argues that the circuit court erred in failing to granted his renewed motion for a bill of particulars.

RCr 6.22 states that, "[t]he court for cause shall direct the filing of a bill of particulars. A motion for such bill may be made at any time prior to arraignment, or thereafter in the discretion of the court. A bill of particulars may be amended at any time subject to such conditions as justice requires." The purpose of a bill of particulars is to provide to the defendant information reasonably necessary to help him understand the charges against him and prepare a defense without prejudicial surprise at trial. *Wolbrecht v. Commonwealth,* 955 S.W.2d 533, 538 (Ky. 1997). The trial court is vested with sound discretion in determining whether to grant a request for a bill of particulars after the indictment. *Deskins v. Commonwealth*, 512 S.W.2d 520, 524 (Ky. 1974). The trial court's decision will not be overturned on appeal absent an abuse of discretion. *Id.*

Here, the Commonwealth informed Appellant of the charges against him; the names of the alleged victims; the precise location where the crimes were alleged to have occurred; and, the time frames as to each victim during which the bad acts were alleged to have occurred. This information provided Appellant with

the information reasonably necessary to help him understand the charges against him and to prepare a defense without prejudicial surprise at trial. This complies with RCr 6.22 and the supportive case law; therefore, we find no error.

Appellant next argues that the Fayette Circuit Court erred in failing to dismiss the indictment. He argues that four false and misleading statements were made to the grand jury which improperly resulted in the grand jury returning charges against him. He claims that Detective Hogan gave knowingly false and misleading information when he told the grand jury that the police allowed the CAC to handle G.R.'s interview, and implied that the police had not already interviewed G.R. Appellant also argues that Detective Hogan improperly implied to the grand jury that Appellant was incarcerated in Georgia on a sexual offense, when in reality it was non-sexual abuse charges. Third, Appellant contends that Detective Hogan improperly suggested that Appellant had previously committed other, similar bad acts. And last, Appellant argues that the prosecutor ended the grand jury testimony by saying that Appellant had previously been convicted of certain charges, when the truth was that all but one of those charges occurred after the charges at issue. In sum, Appellant argues that but for these false or misleading statements, "the grand jury might not have indicted Mr. Ault, or at least they would have indicted him for fewer charges." On this basis, Appellant argues that the circuit court committed reversible error in failing to dismissing the indictment.

"We review a circuit court's decision to dismiss an indictment for an abuse of discretion." *Commonwealth v. Grider*, 390 S.W.3d 803, 817 (Ky. App. 2012) (citation omitted). There is a strong presumption of regularity that attaches to grand jury proceedings. *Haney v. Commonwealth*, 653 S.W.3d 559, 569 (Ky. 2022). And as noted by the Commonwealth, "subject to rare exceptions usually related to a defendant's claim of a denial of the right to a speedy trial, the trial judge has no authority, absent consent of the Commonwealth's attorney, to dismiss, amend, or file away *before trial* a prosecution based on a good indictment." *Grider*, 390 S.W.3d at 817-18 (emphasis in original) (internal quotation marks and citation omitted).

"The grand jury proceeding is not a trial. . . . The grand jury is merely required to find an indictment where they have received what they believe to be sufficient competent evidence to support it." *Rice v. Commonwealth*, 387 S.W.2d 4, 5 (Ky. 1965) (citation omitted). Here, sufficient competent evidence supported the indictment. When viewed in light of the strong presumption of regularity that attaches to such proceedings, and the failure of Appellant to demonstrate one of the rare exceptions supporting dismissal of the indictment, we find no error in the Fayette Circuit Court's denial of Appellant's motion to dismiss the indictment.

Appellant next argues that the circuit court abused its discretion when it granted the Commonwealth's motion under KRS 404(b) to introduce evidence

relating to what Appellant refers to as the "Lincoln County incident." Below, in its KRE 404(c) notice[4] the Commonwealth sought to introduce evidence of three specific prior bad acts committed by Appellant. The circuit court granted the motion only as to one prior bad act, in which Appellant was text messaging a minor in 2019. In those messages, Appellant made explicit statements about the sexual acts he wanted the minor to perform when they met. The minor's father became aware of the texts and notified the Kentucky State Police (KSP). KSP personnel took over the minor's role in the text conversations.

On May 29, 2019, Appellant travelled to Lincoln County, Kentucky, to meet who he thought was the minor. He was arrested by the KSP and ultimately pleaded guilty to prohibited use of electronic communication system to procure minor/peace officer for sex,[5] and possession of matter portraying a sexual performance by a minor.[6]

As addressed above, evidence of "other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." KRE 404(b). It may be admissible, however, if "offered for some other purpose, such as proof of motive, opportunity, intent, preparation, plan,

---

[4] KRE 404(c) requires the Commonwealth to give notice if it intends to introduce evidence pursuant to subdivision (b).

[5] KRS 510.155.

[6] KRS 531.335.

knowledge, identity, or absence of mistake or accident" or "[i]f so inextricably intertwined with other evidence essential to the case that separation of the two (2) could not be accomplished without serious adverse effect on the offering party." KRE 404(b)(1) and (2).

Both parties direct our attention to the three-part test of admissibility of evidence of other crimes, wrongs or acts set out in *Bell v. Commonwealth*, 875 S.W.2d 882 (Ky. 1994). In *Bell*, the Kentucky Supreme Court held that in order for evidence of other crimes, wrongs or acts to be admissible, (1) the evidence must be relevant; (2) it must be probative; and (3) the probative value cannot be substantially outweighed by its prejudicial effect. *Bell*, 875 S.W.2d at 889-91. Evidence is relevant if it tends "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." KRE 401. And finally, "[t]he standard of review of an evidentiary ruling is abuse of discretion." *Anderson v. Commonwealth*, 231 S.W.3d 117, 119 (Ky. 2007) (footnote and citation omitted).

As our review of this issue centers on whether the Fayette Circuit Court abused its discretion in granting the Commonwealth's motion to introduce evidence arising from the Lincoln County incident, the dispositive question is whether the decision was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *English*, 993 S.W.2d at 945. We conclude that it was not.

-13-

Evidence of the Lincoln County incident was both relevant and probative per *Bell*, as it was offered to rebut Appellant's claim that G.R. was lying, and that Appellant would never engage in the acts of which she accused him. Appellant's text messages to the Lincoln County minor occurred in 2019, around the same time of the acts involving G.R. In addition, the sex acts described in graphic detail in the text messages to the Lincoln County minor parallel the acts G.R. alleged Appellant committed. Further, we do not conclude that the probative value of the Lincoln County evidence was substantially outweighed by its prejudicial effect. *Bell*, 875 S.W.2d at 889-91. In sum, the Fayette Circuit Court's decision to grant the Commonwealth's motion was not arbitrary, unreasonable, unfair, nor unsupported by sound legal principles. *English*, 993 S.W.2d at 945. We find no error.

Appellant's final argument is that the Fayette Circuit Court committed reversible error in denying his motion to withdraw his guilty plea. Below, Appellant entered a conditional guilty plea to sexual abuse in the first degree (victim G.R., under 12 years of age) and incest (victim A.F., under 12 years of age), with a recommended sentence of 10 years in prison. Appellant represented himself *pro se* with hybrid counsel. One week later, and prior to sentencing, Appellant filed a motion to withdraw his conditional guilty plea.

In support of his motion, Appellant alleged that he was not adequately informed of the disadvantages to pleading guilty, which included the loss of a

lengthy delay for a new trial if an appellate court ordered such a trial. The focus of his argument is that he would have chosen to take the matter to trial had he been informed of the possibility of a lengthy delay in the appellate process.

RCr 8.10 states that, "[a]t any time before judgment the court may permit the plea of guilty . . . to be withdrawn and a plea of not guilty substituted." A trial court has discretion in granting or denying a motion to withdraw a voluntary guilty plea. *Rigdon v. Commonwealth*, 144 S.W.3d 283, 288 (Ky. App. 2004). We will not disturb that decision absent an abuse of discretion. *Id.*

Here, Appellant's guilty plea was knowingly, intelligently, and voluntarily entered. Appellant served as his own counsel, and engaged in the majority of the motion practice and hearings with the supervision of hybrid counsel. Having chosen to represent himself, Appellant cannot reasonably argue that hybrid counsel improperly failed to inform him of the benefit of extended appellate process delays. Further, the purported benefit of an extended appellate process, if any, is wholly hypothetical, as it is premised on Appellant 1) having pleaded not guilty; 2) gone to trial resulting in a guilty verdict; and, 3) prosecuting an appeal which resulted in a reversal and remand for a new trial. The Fayette Circuit Court's denial of Appellant's motion to withdraw his guilty plea was not arbitrary, unreasonable, unfair, nor unsupported by sound legal principles. As such, it did not constitute an abuse of discretion and we find no error.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the Fayette Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Shannon Dupree
Assistant Public Advocate
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Joseph A. Beckett
Assistant Attorney General
Frankfort, Kentucky